442 P.2d 840

**The STATE of Arizona, Appellee,**

v.

**Jerome L. RODGERS, Appellant.**

**No. 9240–PR.**

Supreme Court of Arizona,
In Banc.

June 19, 1968.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Wesley E. Polley, Bisbee, for appellant.

BERNSTEIN, Justice.

This case is before us on a petition to review the Court of Appeals' decision, 7 Ariz.App. 29, 435 P.2d 864, affirming a judgment of the Superior Court of Cochise County. The decision of the Court of Appeals is vacated. The judgment of the trial court is reversed and the case is remanded for a new trial.

Defendant, Jerome L. Rodgers, was convicted of assault with a deadly weapon and placed on probation. The facts giving rise to his conviction follow: Rodgers, an enlisted man in the United States Army stationed at Fort Huachuca, Arizona, was on the evening of the alleged crime the driver of a car in which there were three female passengers. While stopped on a street in Sierra Vista, the car was approached by three soldiers, one of whom, Walter Carrigan, was the alleged victim of this assault. As Carrigan walked toward the automobile, Jennifer Jones, one of the women in the back seat, cried out, "Oh, my God, it's the guy who hit me in the E. M. Club." When he reached the car Carrigan began a conversation with Jennifer Jones and an altercation developed between them, during which the defendant shot Carrigan in the cheek with a 22-caliber pistol. Defendant then drove off and returned to his quarters at Fort Huachuca.

At the trial the defendant testified that he shot Carrigan to prevent him from badly beating Jennifer Jones, while she testified that Carrigan neither struck her nor bruised her but was trying to pull her from the car.

Although the defendant raises seven assignments of error, as we see it, a determination of the assignment dealing with the instruction on flight disposes of this appeal. We find it unnecessary to discuss the other assignments since the issues raised in these assignments should not occur on the retrial. Defendant contends that the trial court committed reversible error when it gave an instruction on flight. The defendant's contention is based on the proposition that there was no substantial evidence in the record to support an instruction on flight. We agree.

The test for determining whether an instruction on flight is warranted by the evidence was pronounced by this court in State v. Owen, 94 Ariz. 404, 411, 385 P.2d 700, 704, rev'd on other grounds, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041, where we said:

> "Certainly a mere leaving of the scene of a crime is not a fact sufficient to constitute flight under all circumstances * * * *Ordinarily, unless the flight or attempted flight be open, as upon immediate pursuit, the element of concealment or attempted concealment is considered a necessary component.*" (Emphasis added.)

See also, State v. Garcia, 102 Ariz. 468, 433 P.2d 18; State v. White, 101 Ariz. 164, 416 P.2d 597; State v. Guerrero, 58 Ariz. 421, 120 P.2d 798.

Indeed, in the very recent case of State v. Garcia, supra, we held that an instruction on flight was warranted by the evidence. There we stated:

> "Uncontradicted testimony from the defendant reveals that he *concealed himself* out of doors behind a fence all night for a period of nearly twelve hours directly after committing the crime." 102 Ariz. at 472, 433 P.2d at 22. (Emphasis added.)

However, in this case the record shows that defendant made no attempt

either to conceal himself or evade arrest. He left the scene of the shooting and returned to his quarters, and gave the following reason for leaving the scene:

"A. Well, I noticed the two gentlemen that was with him. They both put their hands in their pocket. They were bulged. Their pockets were bulged. And I fired, and I left the area.

\*     \*     \*     \*     \*     \*

"A. Well, I went back home. Because, I was afraid that the other two gentlemen would have caused some bodily harm to me."

An additional fact should be noted. Before the three soldiers approached the car they were seen by its occupants urinating on the side of the road. The record shows that the defendant was the only male escort for three women and that he was in fear of bodily harm. If any further trouble developed they would clearly be in a position of danger. There was no evidence that the defendant made any attempt to conceal himself. Clearly before an instruction on flight can be given the evidence must disclose more than a mere departure from the scene.

"Flight, in criminal law, is defined as 'the evading of the course of justice by voluntarily withdrawing oneself in order to avoid arrest or detention, or the institution or continuance of criminal proceedings. *The term signifies, in legal parlance, not merely a leaving, but a leaving or concealment under a consciousness of guilt and for the purpose of evading arrest.* (Emphasis in original). Such consciousness and purpose is that which gives to the act of leaving its real incriminating character.'" People v. Herbert, 361 Ill. 64, 73–74, 196 N.E. 821, 825.

The judgment is reversed and the cause remanded for a new trial.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.