471 P.2d 274

**STATE of Arizona, Appellee,**

v.

**Jose CASTRO, Appellant.**

No. 1970.

Supreme Court of Arizona,
In Division.

July 8, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant was tried by a jury and found guilty of assault with a deadly weapon. The testimony at the trial indicates that appellant went to the apartment of Rufugio Esparza with a girl (Maria Acuna) to pick up some clothes belonging to the girl. When they arrived at the apartment Esparza opened the door and the girl entered. From the testimony it is uncertain whether appellant entered the apartment or was about to enter the apartment when a struggle between the two men ensued. The testimony further indicates that during the course of the struggle both appellant and Esparza fell to the ground a couple of times. Sometime during the struggle appellant cut or knifed Esparza with a pocket-knife. Appellant testified that he cut Esparza because he got scared when he saw a "bolt" in Esparza's hand. After the fight appellant walked away from the scene past two witnesses.

Appellant raises ten assignments of error. Since we find that the court committed reversible error in giving an instruction on flight it is unnecessary to discuss the other assignments of error. Appellant contends that the trial court committed error by giving an instruction on flight because there is no evidence that in leaving the scene of the struggle appellant attempted to conceal himself. With this position we agree.

In State v. Rodgers, 103 Ariz. 393, 442 P.2d 840 (1968), we quoted with approval the following test from State v. Owen, 94 Ariz. 404, 411, 385 P.2d 700, 704 (1963), reversed on other grounds, 378 U.S. 574, 84 S. Ct. 1932, 12 L.Ed.2d 1041, for determining whether the evidence supports an instruction on flight:

"Certainly a mere leaving of the scene of a crime is not a fact sufficient to constitute flight under all circumstances * * *. *Ordinarily, unless the flight or attempted flight be open, as upon immediate pursuit, the element of concealment or attempted concealment is considered a necessary component.*" (Emphasis added). 103 Ariz. at 394, 442 P.2d at 841.

In the instant case, the record reveals no attempt by the appellant to conceal himself. He merely walked away from the scene of the knifing. Since appellant did not live in the apartments it is reasonable for him to have left. The evidence discloses no more than a mere departure from the scene which we held in State v. Rodgers, supra, to be insufficient evidence upon

which to base an instruction on flight. The giving of such an instruction in these circumstances was prejudicial to defendant.

The judgment is reversed and the cause remanded for a new trial.

LOCKWOOD, C. J., and UDALL, J., concur.