489 P.2d 55

**STATE of Arizona, Appellee,**

v.

**Grace MILTON, Appellant.**

**No. I CA–CR 302.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 5, 1971.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., for appellee.

Thomas A. Thinnes, and Donald W. Lindholm, Phoenix, for appellant.

STEVENS, Presiding Judge.

On 13 March 1970 an information was filed against the appellant,[1] hereinafter referred to as the defendant, which charged her with the crime of theft from the person, a felony, in violation of A.R.S. §§ 13–661 and 13–663, as amended 1968, §§ 13–138, 13–139 and 13–140. The defendant was tried before a jury and found guilty. On 16 June 1970 she was adjudged guilty and was sentenced to a term of not less than one year nor more than two years in the Arizona State Prison. This appeal followed.

Defendant has raised two issues for our consideration: First: Was it reversible error to fail to direct a verdict of acquittal when the only evidence presented by the State is circumstantial and points to innocence as well as guilt, and Second: Did the evidence presented at trial support the flight instruction which was given? This Court is of the opinion that both questions presented must be answered in the negative.

CIRCUMSTANTIAL EVIDENCE

With regard to the first issue, the defendant urges that there is a distinction between circumstantial and direct evidence and the effect each should have on the trial court's determination to allow the case to go to the jury. The argument is to the effect that circumstantial evidence alone will not permit the trial court to deny a motion for a directed verdict and thereafter submit a case to the jury.

---

1. Jack Darrell Gregory was also named as a defendant in the original complaint but subsequent to his confession Grace Milton

submitted a Motion for Separate Trial which was granted.

In State v. Harvill, 106 Ariz. 386, 391, 476 P.2d 841, 846 (1970), our Supreme Court held:

"It is the opinion of this court that the probative value of direct and circumstantial evidence are intrinsically similar; therefore, there is no logically sound reason for drawing a distinction as to the weight to be assigned each. We expressly overrule that portion of State v. Reynolds, supra, and any other decision of the court which is contra to our holding in the instant case. * * * A proper instruction on 'reasonable doubt' as applied to all kinds of evidence gives the jury an appropriate standard upon which to make a determination of guilt or innocence; to instruct further is to invite the confusion of semantics.

"It is necessary, therefore, for us to expressly overrule the many decisions of this court which have held that it is fundamental error for the trial court to fail to instruct on the probative force of circumstantial evidence if the prosecution must rely exclusively thereon for a conviction."

A motion for a directed verdict challenges only the sufficiency of the evidence, State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (1966); the trial court is under no duty to direct a verdict of acquittal if there is substantial evidence that a defendant committed the offense charged, State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969); and the highest court of this State has held that the probative values of direct and circumstantial evidence are intrinsically similar.

After a review of the record and the application of the foregoing principles, it is this Court's opinion that no error was committed when the trial court denied the defendant's motion for a directed verdict because of a lack of direct evidence.

## THE FLIGHT INSTRUCTION

■ Defendant next contends that the evidence was not sufficient to warrant the giving of an instruction on flight. The trial court instructed the jury that:

"Flight of the accused after a crime may be (sic) committed does not create a presumption of guilt. It is, however, a circumstance which may tend to prove consciousness of guilt. It should be considered and weighed by you in connection with all the other evidence."

In State v. Rodgers, 103 Ariz. 393, 442 P.2d 840 (1968), our Supreme Court quoted with approval the following test from State v. Owen, 94 Ariz. 404, 411, 385 P.2d 700, 704 (1963), reversed on other grounds, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041, for determining whether the evidence supports an instruction on flight, wherein it was said:

" 'Certainly a mere leaving of the scene of a crime is not a fact sufficient to constitute flight under all circumstances. * * * *Ordinarily, unless the flight or attempted flight be open, as upon immediate pursuit, the element of concealment or attempted concealment is considered a necessary component.*' (Emphasis added.)" 103 Ariz. at 394, 442 P.2d at 841.

In the case at bar, the record reveals no attempt by the defendant to conceal herself. She simply walked away from the scene of the theft. It is to be noted that while the victim's testimony indicates that Grace Milton's original co-defendant was running when he left the scene of the crime, the evidence does not support the concept that the defendant herself was running or attempting to conceal herself. The victim of the theft stated only that the defendant left the store hurriedly and not that she was running or attempting to conceal herself.

Under these circumstances and as pointed out in State v. Castro, 106 Ariz. 78, 471 P.2d 274 (1970):

"The evidence discloses no more than a mere departure from the scene which we have held in State v. Rodgers, supra, to be insufficient evidence upon which to base an instruction on flight. *The giving of such an instruction in these cir-*

*cumstances was prejudicial to the defendant."* (Emphasis added.) 106 Ariz. 78–79, 471 P.2d 274–275.

The judgment of guilt is reversed and the sentence is set aside.

CASE and DONOFRIO, JJ., concur.