IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALBERTO M. SOLIS, *Appellant.*

No. 1 CA-CR 13-0770
FILED 12-16-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-156270-001
The Honorable Edward W. Bassett, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

**O P I N I O N**

Judge Maurice Portley delivered the Opinion of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

**P O R T L E Y**, Judge:

¶1        Alberto M. Solis was convicted and sentenced for assaulting a police officer and resisting arrest.  On appeal, he argues that the trial court committed reversible error by including a flight instruction in the final instructions to the jury.[1]  Although the flight instruction was improper in this case, we find that it was harmless error and affirm the convictions and sentences, and modify the sentencing minute entry.

## FACTS AND PROCEDURAL HISTORY

¶2        Solis was arrested for armed robbery.  After he was placed in the patrol car, Solis started "twitching and jerking," and the officer called paramedics, who transported Solis to a hospital emergency room.

¶3        Later that evening, Officer Steven Hastings went to the hospital to transport Solis to county jail for booking.  After being told that he was under arrest for armed robbery, Solis refused to sign the hospital discharge paperwork, demanded to see a doctor and then said he had to use the restroom.  Wearing only his hospital gown and socks, Solis walked down the hallway, passed the restroom, and then sprinted down the hospital corridor.  Officer Hastings chased him and cornered Solis in front of a locked door.  Instead of surrendering, there was a struggle and Solis struck Officer Hastings on his neck and face before the officer was able to subdue and handcuff Solis.

¶4        Solis was only indicted for aggravated assault and resisting arrest.  At trial, he unsuccessfully objected to the court giving the jury a flight instruction, arguing flight was irrelevant to the charged crimes.  Solis was found guilty as charged.

¶5        Solis subsequently admitted he had six prior felony convictions, and was sentenced as a category three offender to concurrent prison terms.  We have jurisdiction over his  appeal pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12.120.21(A)(1), 13-4031 and -4033(A)(1) (2014).

---

[1] Solis and the State also request that we correct the sentencing minute entry to reflect that Solis was sentenced as a category three repetitive offender and that both offenses were repetitive.

**DISCUSSION**

**I**

¶6 Solis contends that the trial court erred by giving the flight instruction over his objection because it was unsupported by any evidence. We review a court's decision to give a jury instruction for abuse of discretion. *See State v. Anderson*, 210 Ariz. 327, ¶ 60, 111 P.3d 369, 385 (2005) (citing *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995)). However, we review de novo whether the given instruction correctly states the law. *See State v. Orendain*, 188 Ariz. 54, 56, 932 P.2d 1325, 1327 (1997). And we view jury instructions as a whole to determine if they "adequately reflect the law." *State v. Gallegos*, 178 Ariz. 1, 10, 870 P.2d 1097, 1106 (1994) (citing *State v. Haas*, 138 Ariz. 413, 425, 675 P.2d 673, 685 (1983)).

¶7 A flight instruction should only be given if the State presents evidence of flight after a crime from which jurors can infer a defendant's consciousness of guilt. *State v. Parker*, 231 Ariz. 391, 403, ¶ 44, 296 P.3d 54, 66 (2013); *State v. Bible*, 175 Ariz. 549, 592, 858 P.2d 1152, 1195 (1993) ("[T]here must be evidence of flight from which can be inferred a consciousness of guilt *for the crime charged*.") (quoting *State v. Edwards*, 136 Ariz. 177, 184, 665 P.2d 59, 66 (1983)). In *State v. Smith*, our supreme court established a two-part test to determine if the evidence warrants a flight instruction. 113 Ariz. 298, 300, 552 P.2d 1192, 1194 (1976) (citing *State v. Rodgers*, 103 Ariz. 393, 442 P.2d 840 (1968)). First, "the evidence is viewed to ascertain whether it supports a reasonable inference that the flight or attempted flight was open, such as the result of an immediate pursuit." *Id.* Second, if there is no open flight, "then the evidence must support the inference that the accused utilized the element of concealment or attempted concealment." *Id.* "The absence of any evidence supporting either of these findings would mean that the giving of an instruction on flight would be prejudicial error." *Id.* (citing *State v. Castro*, 106 Ariz. 78, 471 P.2d 274 (1970)); *State v. Speers*, 209 Ariz. 125, 132, ¶ 28, 98 P.3d 560, 567 (App. 2004) (noting test requires that flight evidence allows jury to "'be able to reasonably infer from the evidence that the defendant left the scene in a manner which obviously invites suspicion or announces guilt'") (quoting *State v. Weible,* 142 Ariz. 113, 116, 688 P.2d 1005, 1008 (1984)).

¶8 The flight instruction was not warranted in this case. There was no evidence presented to suggest that Solis's ill-conceived attempt to run away wearing only a hospital gown and socks reflected a consciousness of guilt as to the charges that resulted from his conduct at the conclusion of his dash down the hospital hallway. And on appeal the State concedes it

should not have asked for the flight instruction and the instruction should not have been given.

**¶9** The State, however, contends that any error was harmless despite the *Smith* suggestion that prejudicial error would result if there was no evidence to support the instruction. We agree.

**¶10** Our supreme court has directed us to consider any alleged errors made during trial for structural error, harmless error or fundamental error. *See, e.g., State v. Henderson*, 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005); *State v. Ring*, 204 Ariz. 534, 552, ¶ 45, 65 P.3d 915, 933 (2003); *Bible*, 175 Ariz. at 588, 858 P.2d at 1191. For example, in *Ring,* our supreme court stated that "[m]ost errors that we consider on appeal, even those involving constitutional error, constitute trial errors, which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented." 204 Ariz. at 552, ¶ 45, 65 P.3d at 933 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 307-08 (1991) (internal quotation marks omitted).

**¶11** Although neither *Bible*, *Ring*, nor *Henderson* directly involved jury instructions, our supreme court addressed the standard of review for erroneous jury instructions in *State v. Valverde*, 220 Ariz. 582, 208 P.3d 233 (2009). There, the court examined whether an erroneous self-defense instruction that was given without objection was fundamental error, and determined that it was not. *Id.* at 583, ¶ 1, 208 P.3d at 234. After reviewing the three standards of review for trial error in criminal cases, structural error, harmless error, and fundamental error, *id.* at 584-85, ¶¶ 9-12, 208 P.3d at 235-36, the court determined that Valverde had not demonstrated that the instruction was fundamental error or prejudicial and affirmed the judgment. *Id.* at 586, ¶¶ 15-18, 208 P.3d at 237.

**¶12** Although our supreme court has yet to revisit the statement in *Smith* that giving an unnecessary instruction would be prejudicial error, it is clear that if there is trial error, including errors involving instructions, we should not presume prejudice, but instead should rely on the direction in *Valverde* to determine whether the error is structural, harmless, or fundamental. Consequently, because Solis objected to the instruction we review whether the trial error was harmless. *Id*. at 585, ¶ 11, 208 P.3d at 236.

**¶13** To determine whether the error was harmless, we must review the evidence and be convinced "beyond a reasonable doubt that the error did not contribute to or affect the verdict." *Id.* (citing *Bible*, 175 Ariz. at 588, 858 P.2d at 1191). Here, the evidence supports the convictions

beyond a reasonable doubt. A nurse testified that she observed Solis run down the hallway, past the bathroom and through some double doors. Then, after going to see what was going on, she saw that "the patient was extending his arm out to strike the officer" and that the officer raised his knee "in a defensive move to try to defend himself." Officer Hastings testified that after he had Solis cornered, Solis tried to dart around him, and then Solis hit him in the neck and face. The jury also saw the hospital surveillance video depicting Solis's flight and the ensuing altercation.

¶14 In addition to the evidence, in considering whether an instruction is harmless error, our supreme court has advised us to consider the attorneys' statements to the jury. *Valverde,* 220 Ariz. at 586, ¶ 16, 208 P.3d at 237. Neither Solis nor the State relied on the flight instruction to attempt to buttress or undermine the facts. Moreover, the trial court instructed the jury that "[a]s you determine the facts, however, you may find that some instructions no longer apply. You must then consider the instructions that do apply, together with the facts as you have determined them." Consequently, given the trial evidence, arguments of counsel, and the instructions as a whole, the inclusion of the flight instruction was harmless error.

## II

¶15 Solis and the State request that we correct the sentencing minute entry to reflect Solis's status as a category three repetitive offender pursuant to A.R.S. § 13-4037 (2014).[2] We can correct or modify a minute entry to reflect the trial court's intention when the record clearly resolves the difference between the oral pronouncement of sentence and the minute entry. *Id.; see State v. Ovante*, 231 Ariz. 180, 188, ¶ 38, 291 P.3d 974, 982 (2013) ("When a discrepancy between the trial court's oral pronouncement of a sentence and the written minute entry can be clearly resolved by looking at the record, the '[o]ral pronouncement in open court controls over the minute entry.' . . . This Court can order the minute entry corrected if the record clearly identifies the intended sentence.") (quoting *State v. Whitney,* 159 Ariz. 476, 487, 768 P.2d 638, 649 (1989)).

---

[2] "Except as provided in § 13-704 or 13-705, a person shall be sentenced as a category three repetitive offender if the person is at least eighteen years of age or has been tried as an adult and stands convicted of a felony and has two or more historical prior felony convictions." A.R.S. § 13-703(C) (2013).

¶16        Here, the record is clear that the trial court treated Solis as a category three offender on each count because his four most recent felony convictions qualified as historical felonies.  *See* A.R.S. § 13-105(22)(d) (2012) (defining "historical felony conviction" as "[a]ny felony conviction that is a third or more prior felony conviction").  In fact, the court said, "I'm going to impose . . . an enhanced sentence, as a category 3 offender."  The sentencing minute entry, however, did not capture the court's oral statement, but only listed Solis's convictions as "non-dangerous – non-repetitive [offenses]."  Because the record is clear and the parties agree, we correct the sentencing minute entry to reflect that Solis was sentenced as a category three repetitive offender, and both of his offenses were repetitive.

## CONCLUSION

¶17        For the above reasons, we affirm Solis's convictions and sentences, and modify the sentencing minute entry under § 13-4073 to designate his offenses as repetitive pursuant to § 13-703(C).



Ruth A. Willingham · Clerk of the Court
F I L E D : ama