NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SANDRA MARIA VALENZUELA, *Appellant.*

No. 1 CA-CR 14-0531

FILED 07-21-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-450404-001
The Honorable Richard L. Nothwehr, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

**N O R R I S**, Judge:

¶1        Sandra Valenzuela appeals her conviction and sentence for Endangerment (Physical Injury), a class 1 misdemeanor, arguing the superior court should not have instructed the jury on flight because the State failed to present sufficient evidence warranting the instruction.  We disagree, and accordingly, the superior court did not abuse its discretion by instructing the jury on flight.  *See State v. Solis*, 236 Ariz. 285, 286, ¶ 6, 339 P.3d 668, 669 (App. 2014) ("We review a court's decision to give a jury instruction for abuse of discretion.").  We therefore affirm Valenzuela's conviction and sentence.

¶2        Over Valenzuela's objection, the superior court instructed the jury as follows:

> In determining whether the State has proved the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's running away, hiding, or concealing evidence, together with all the other evidence in the case.  You may also consider the defendant's reasons for running away, hiding, or concealing evidence.  Running away, hiding, or concealing evidence after a crime has been committed does not by itself prove guilt.

¶3        "A flight instruction should only be given if the State presents evidence of flight after a crime from which jurors can infer a defendant's consciousness of guilt."  *Solis*, 236 Ariz. at 286, ¶ 7, 339 P.3d at 669.  The court must determine whether the evidence "supports a reasonable inference that the flight or attempted flight was open, such as the result of an immediate pursuit."  *Id.* at 287, ¶ 7, 339 P.3d at 670.

¶4        Here, the State presented evidence Valenzuela did not stop— or even slow down—after nearly hitting a police officer with her car.  After the near miss, the officer returned to his patrol car, activated his lights and

siren, and pursued Valenzuela. Valenzuela drove away from the scene for approximately two blocks until she came up to vehicles stopped at a traffic light, which blocked her path. Valenzuela reversed to turn into a gas station parking lot she had passed, allowing the officer time to "catch up" to her. The officer ordered her out of the car and asked her, "What the hell were you thinking?" Valenzuela responded she "had places to go."

¶5 Contrary to Valenzuela's argument on appeal, the foregoing facts supported the State's requested flight instruction. As the superior court explained in denying her objection to the instruction: "There is evidence that the officer pursued [Valenzuela]" and "also evidence that she would have continued to drive but for the fact that the vehicles were stopped."

¶6 Valenzuela also argues that even if the State presented sufficient evidence to support a flight instruction, that evidence did not support including the sentence that stated, "You may also consider the defendant's reasons for running away, hiding, or concealing evidence."[1] She further argues the sentence called "attention to the fact that Appellant did not testify to explain her reasons for failing to stop." We disagree with both arguments.

¶7 First, because Valenzuela failed to object to the instruction on this ground she has waived this argument on appeal, absent fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20, 115 P.3d 601, 607 (2005). Second, even if not waived, Valenzuela's comment to the officer that she "had places to go" provided sufficient evidentiary support for the sentence. Third, the sentence cannot reasonably be understood as calling attention to her decision not to testify. *Cf. State v. Schaaf*, 169 Ariz. 323, 333, 819 P.2d 909, 919 (1991) ("It is constitutionally impermissible for a prosecutor or a trial judge to comment on a defendant's failure to testify . . . [, however,] [a] comment is impermissible only if the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." (citations omitted) (internal quotation marks omitted)). Finally, our supreme court has instructed we are to presume jurors follow the court's instructions. *See*

---

[1] Valenzuela also argues the court should not have included the sentence in the instruction because the Revised Arizona Jury Instructions ("RAJI") Standard Criminal 9 Use Note states it should be given only upon the defendant's request. The superior court, however, is not required to follow the RAJI. *See State v. Logan*, 200 Ariz. 564, 566, ¶ 12, 30 P.3d 631, 633 (2001); *State v. Larin*, 233 Ariz. 202, 212, ¶ 37, 310 P.3d 990, 1000 (App. 2013).

*State v. Newell*, 212 Ariz. 389, 403, ¶ 68, 132 P.3d 833, 847 (2006).  Thus, we must assume the jury followed the court's instruction "not [to] let [Valenzuela's] choice [not to testify] affect your deliberations in any way."

¶8         For the foregoing reasons, we affirm Valenzuela's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: RT