NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD ANTHONY JONES, *Appellant.*

No. 1 CA-CR 14-0103
FILED 10-15-15

Appeal from the Superior Court in Maricopa County
No.  CR2012-130209-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele G. Ponce
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1        Richard Anthony Jones appeals his conviction and resulting sentence for aggravated assault, claiming the superior court erred in instructing the jury on flight or concealment. Because Jones has not shown fundamental error resulting in prejudice, his conviction and resulting sentence are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        In May 2012, Jones was driving to his Phoenix home, with his step-daughters in the car, when he stopped to speak with M.E.,[2] who was with a neighbor, A.C. After arguing about a car paint job for about ten minutes, Jones punched M.E. in the face, knocking him to the ground. Jones then got back in the car and drove home. M.E. was later diagnosed with an acute subdural hematoma (bleeding over the surface of the brain) requiring brain surgery.

¶3        Jones was charged with one count of aggravated assault (intentionally, knowingly or recklessly causing a serious physical injury), a Class 3 felony. At trial, A.C. testified that he was outside while Jones and M.E. argued for about ten minutes and then went inside his home to put on his shoes. When he came back outside, he saw M.E. laying in the street, unconscious, and Jones and his car were gone. To impeach A.C., the State offered evidence that A.C. previously said he saw Jones quickly get back into his car and drive away right after the assault.

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2, 212 P.3d 11, 12 (App. 2008).

[2] Initials are used to protect the victims' privacy. *State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2, 78 P.3d 1060, 1062 n.1 (App. 2003).

¶4        Jones elected to testify and admitted to hitting M.E. and that M.E. fell to the street but that he acted in self-defense. Jones called his step-daughter as a witness and she testified that M.E. raised his arms in front of Jones as if he was "bringing pom poms up" before Jones punched him. Jones also testified that, after the incident, he "went home and I waited for the police if they were going to come."

¶5        Without objection, the superior court gave the jury the following instruction:

> In determining whether the State has proved the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's running away, hiding or concealing evidence, together with all the other evidence in the case. You may also consider the defendant's reasons for running away, hiding or concealing evidence. Running away, hiding or concealing evidence after a crime has been committed does not by itself prove guilt.

¶6        The State mentioned the instruction once during closing arguments:

> [T]he judge also read you the flight instruction which is on page 3. And one of the things is that you can consider evidence of the defendant's running away or hiding after a crime has been committed. Now, in itself it's not guilt but potential consciousness of guilty, running away after a crime has been committed. Defendant knew it was a crime because he told you today he was waiting for police. He thought the police were going to come. And what reasonable person leaves a man on the ground who's unconscious? Even if you don't know the man. What reasonable person leaves them there?

Defense counsel countered by saying in closing arguments,

> Now, that jury instruction talks about flight and concealment, and I just ask you to read it all together. Flight and concealment. So he left

3

there. But did he ever try to conceal anything?
No.

The primary focus of closing arguments for both parties was Jones' self-defense claim, his primary defense at trial.

**¶7**         After considering the evidence and argument, the jury convicted Jones as charged. Given his prior criminal history, Jones was sentenced to a presumptive term of 11.25 years in prison, and appropriately credited with 266 days of presentence credit. This court has jurisdiction over Jones' timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(2015).[3]

## DISCUSSION

**¶8**         Jones argues the superior court erred in giving the flight or concealment instruction. Jones failed to make a timely objection, meaning review on appeal is limited to fundamental error. *See* Ariz. R. Crim. P. 21.3(c); *State v. Henderson*, 210 Ariz. 561, 567 ¶¶ 19-20, 115 P.3d 601, 607 (2005). "Accordingly, [Jones] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11, 297 P.3d 182, 185 (App. 2013) (citations omitted).

**¶9**         A flight instruction is proper if "the State presents evidence of flight after a crime from which jurors can infer a defendant's consciousness of guilt." *State v. Solis*, 236 Ariz. 285, 286 ¶ 7, 339 P.3d 668, 669 (App. 2014). To justify a flight instruction, the "manner of leaving the scene of the crime must reveal consciousness of guilt," because "merely leaving the scene of a crime is not evidence of flight." *State v. Lujan*, 124 Ariz. 365, 371, 604 P.2d 629, 635 (1979). The focus is on the manner of leaving the scene because flight "is viewed as an admission by conduct" when it "manifests a consciousness of guilt." *State v. Hunter*, 136 Ariz. 45, 48, 664 P.2d 195, 198 (1983). Evidence of pursuit is not required. *Lujan*, 124 Ariz. at 371, 604 P.2d at 635. Indeed, running instead of walking from the scene of the crime may justify a flight instruction. *Id.* (rejecting challenge to flight instruction where evidence showed "defendant and his accomplices ran away from the scene of a stabbing immediately after it occurred").

**¶10**         Jones argues the trial evidence does not support a reasonable inference that he fled from the scene or that he attempted to conceal himself.

_____

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

Although Jones is correct that the State did not present any evidence of concealment, it did present flight evidence. A detective testified to A.C.'s statement that he saw Jones moving quickly to his car and driving away. Such evidence would justify a flight instruction. *See Lujan*, 124 Ariz. at 371, 604 P.2d at 635 ("[r]unning from the scene of a crime, rather than walking away, may provide evidence of a guilty conscience prerequisite to a flight instruction") (citations omitted). Although Jones argues he left the scene to protect his children, the existence of an alternative reason for flight does not preclude a flight instruction. *Hunter*, 136 Ariz. at 49, 664 P.2d at 199 (finding flight instruction was not error when defendant claimed he ran out of fear, not consciousness of guilt). Accordingly, on this record, the superior court did not err in giving the flight instruction.

**¶11**        Even if the instruction could be considered error, Jones has not shown it was "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial" or that it resulted in prejudice. *Henderson*, 210 Ariz. at 568 ¶ 19, 115 P.3d at 607 (quotations omitted). The instruction given was permissive; it began, "In determining whether the State has proved the defendant guilty beyond a reasonable doubt, *you may consider any evidence* of the defendant's running away." (Emphasis added.) Nor has Jones shown how this standard permissive instruction diluted the burden of proof causing prejudice, particularly where Jones testified and admitted he punched M.E. *See State v. Steed*, 109 Ariz. 137, 139, 506 P.2d 1031, 1033 (1973) ("The defendant took the stand and admitted an assault upon the victim. The giving of the instruction could have had no effect upon the resulting verdict of guilty, and hence was harmless, if error it was."). The jury heard evidence that A.C. found M.E. unconscious on the ground right after Jones hit him. The jury also heard evidence offered by Jones on his self-defense claim and was properly instructed on self-defense yet still returned a guilty verdict. Given this record, Jones has not shown that any error in giving the flight instruction was fundamental or resulted in prejudice. *See Solis*, 236 Ariz. at 288 ¶ 14, 339 P.3d at 671.[4]

---

[4] Similarly, Jones has not shown how the aspect of the instruction addressing "hiding or concealing evidence" was mentioned in arguments or arguably could have resulted in fundamental error resulting in prejudice.

**CONCLUSION**

¶**12**     Because Jones has not shown fundamental error resulting in prejudice, his conviction and resulting sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: jt