NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN RAMIREZ HERNANDEZ, *Appellant.*

No. 1 CA-CR 14-0505
FILED 12-3-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-421277-001 SE
The Honorable Teresa Sanders, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which
Judge Patricia K. Norris and Judge Patricia A. Orozco joined.

---

**B R O W N**, Chief Judge:

¶1        Steven Ramirez Hernandez was convicted of three counts of
disorderly conduct, Class 6 dangerous felonies (Count 2 – victim S.G.;
Count 8 – victim S.C.; and Count 10 – victim K.D.), two counts of attempted
second-degree murder, Class 2 dangerous felonies (Count 3 – victim B.P.;
Count 5 – victim N.C.), aggravated assault, a Class 2 dangerous felony
(Count 4 – victim B.P.), aggravated assault, a Class 3 dangerous felony
(Count 6 – victim N.C.), two counts of endangerment, Class 6 dangerous
felonies (Count 11 – victim C.Z.; Count 12 – victim L.Z.), and one count of
misconduct involving weapons, a Class 4 dangerous felony (Count 13).
Hernandez argues the trial court erred by giving a transferred-intent jury
instruction relating to the charge of attempted second-degree murder in
Count 5.  Because we accept the State's confession of error, we vacate
Hernandez' conviction for Count 5 and remand for proceedings consistent
with this decision.

¶2        While visiting his daughter and newborn grandchild at a
hospital, Hernandez brandished a handgun and threatened his daughter's
boyfriend.  Hospital security guards followed Hernandez as he left the
hospital, contacted the police, and informed them of Hernandez' location.
Officer Benjamin Pitts responded to the call and drove to the scene
accompanied by N.C., a "civilian observer."  When Officer Pitts focused his
spotlight on Hernandez, Hernandez began shooting in the direction of
Officer Pitts and the patrol vehicle.  Although one of Hernandez' shots
struck the patrol vehicle windshield, none of the shots struck Officer Pitts
or N.C.

¶3        During settlement of final jury instructions, Hernandez
objected to the State's proffered instruction on transferred intent with
respect to N.C., arguing it was inapplicable as to Count 5 because N.C.
sustained no injury.  The trial court overruled Hernandez' objection and
instructed the jury as follows:

You may find that the defendant acted "intentionally" or with "intent to" as to [N.C.] on the charge of Attempt to Commit Second Degree Murder and/or Aggravated Assault if you find "transferred intent." Transferred intent is established if the actual result of the defendant's action differs from that which the defendant intended or contemplated only in the respect that:

1. A different person or different property is injured or affected.

¶4 Consistent with his argument in the trial court, Hernandez argues the transferred-intent instruction was erroneous as to Count 5 because N.C. was not harmed. We review a trial court's decision to give a jury instruction for an abuse of discretion, but review de novo whether the given instruction correctly states the law. *State v. Solis*, 236 Ariz. 285, 286, ¶ 6 (App. 2014).

¶5 Arizona's transferred-intent statute provides, in relevant part:

If intentionally causing a particular result is an element of an offense, and the actual result is not within the intention or contemplation of the person, that element is established if:

1. The actual result differs from the intended or contemplated only in the respect that a different person or different property is injured or affected or that the injury or harm intended or contemplated would have been more serious or extensive than that caused; or

2. The actual result involves similar injury or harm as that intended or contemplated and occurs in a manner which the person knows or should know is rendered substantially more probable by such person's conduct.

Ariz. Rev. Stat. ("A.R.S.") § 13-203(B).

¶6 The trial court's transferred-intent instruction to the jury was consistent with the statutory language and correctly stated the law. The question before us, then, is whether the court erred by concluding the evidence at trial supported a transferred-intent instruction. *See State v. Rodriguez*, 192 Ariz. 58, 61, ¶ 16 (1998) (explaining a "party is entitled to an instruction on any theory reasonably supported by the evidence").

¶7        By its express terms, A.R.S. § 13-203(B) permits Hernandez' intent to kill Officer Pitts to transfer to N.C. only if N.C. was injured as a result of Hernandez' conduct. *See State v. Rodriguez-Gonzales*, 164 Ariz. 1, 3 (App. 1990) (explaining the transferred-intent statue "applies where the actual result of the appellant's conduct differs from that intended 'only in the respect that a different person . . . is injured'") (*quoting State v. Cantau-Ramirez*, 149 Ariz. 377, 380 (App. 1986)). It is undisputed that N.C. sustained no cognizable injury. Therefore, under the terms of the statute, Hernandez' conviction for attempted second-degree murder in Count 5 could not be predicated on transferred intent, and the trial court committed reversible error by giving the transferred-intent jury instruction. *See State v. Amaya-Ruiz*, 166 Ariz. 152, 173 (1990) ("Although the doctrine of transferred intent generally applies in criminal law, a particular statute may be worded so as to preclude its application.").

¶8        For the reasons stated, we vacate the conviction for Count 5 and remand for proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama