NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

TERRENCE C. WOODRUFF, *Appellant.*

No. 1 CA-CR 19-0560
FILED 6-30-2020

Appeal from the Superior Court in Maricopa County
No. CR2019-105946-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

------

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

------

**W E I N Z W E I G**, Judge:

¶1          Terrence C. Woodruff appeals his conviction and sentence for aggravated assault. Finding no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          The victim and Woodruff separately visited their former girlfriend, Candy, on the same night. The victim was watching television at Candy's apartment when Woodruff arrived. Candy asked Woodruff to leave the apartment. A brawl ensued. Woodruff punched the victim and stabbed him with a knife. Woodruff also warned he would "kill [them] all" if the police were called.

¶3          The victim left the apartment. Woodruff forced Candy to remain. The victim met his friends at a nearby park and they called the police. Woodruff later left the apartment after Candy told him the police were coming. On his way out, however, he threatened to return and "do something to" Candy if she "told the police his name and what he had on him."

¶4          Woodruff was later contacted by police, first telling them he left the knife at Candy's apartment where officers could not find it. He then said he had the knife and would deliver it to police but never did. The knife was never recovered.

¶5          A grand jury indicted Woodruff on one count of aggravated assault, a class 3 dangerous felony. *See* A.R.S. § 13-1204(A), (E). The State alleged five prior felony convictions and several aggravating circumstances, including that the offense caused physical, emotional or financial harm to the victim. *See* A.R.S. § 13-701(D)(9). Woodruff pled not guilty. Prior to trial, the State requested the standard RAJI jury instruction on flight or concealment. Woodruff did not object.

¶6          The superior court held a four-day jury trial, during which the prosecution presented five witnesses, including the victim and Candy.

Woodruff also testified, claiming he pulled out a "little steak knife" during the fight to defend himself but never used it. When asked why he never called police, Woodruff testified that he did not want to "get arrested over a little simple fight." He testified he still possessed the knife "at home" because he had "no way of getting" it to police. The jury convicted Woodruff as charged and he was sentenced to twenty years in prison as a Category 3 repetitive offender. Woodruff timely appealed. We have jurisdiction.

**DISCUSSION**

¶7        Woodruff argues the superior court fundamentally erred by giving a jury instruction on flight or concealment because there was no evidence of either. To establish fundamental error, Woodruff bears the burden to prove (1) trial error occurred, (2) the error was fundamental and (3) the error prejudiced him. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

¶8        A flight or concealment instruction may be given if the State presents evidence from which the jury can infer a defendant's consciousness of guilt. *State v. Solis*, 236 Ariz. 285, 286, ¶ 7 (App. 2014). The question is "whether there is evidence from which it can be reasonably inferred that the defendant engaged in some 'eluding' conduct that either was an attempt to prevent apprehension, or was an attempt to postpone apprehension in order to dispose of or conceal evidence that could tie [the defendant] to the crime." *State v. Cutright*, 196 Ariz. 567, 570, ¶ 12 (App. 1999) (citation omitted), *disapproved of on other grounds by State v. Miranda*, 200 Ariz. 67 (2001). A flight or concealment instruction may be given despite an alternative explanation for the defendant's elusive behavior. *State v. Parker*, 231 Ariz. 391, 404, ¶ 50 (2013).

¶9        The superior court did not err in giving the flight or concealment jury instruction. The prosecution presented ample evidence for the jury to reasonably infer Woodruff's consciousness of guilt. Among other things, Woodruff departed Candy's apartment after she warned him the police were coming and threatened Candy not to tell police what happened. He also lied about the knife, first claiming he left it at Candy's apartment and later admitting he had it, but still never turning it over to police. Woodruff's elusive behavior "obviously invites suspicion or announces guilt." *State v. Speers*, 209 Ariz. 125, 133, ¶ 30 (App. 2004) (internal quotation marks omitted) (quoting *State v. Weible*, 142 Ariz. 113, 116 (1984)).

**CONCLUSION**

¶10        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA