NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH JAMAL BRYANT, *Appellant.*

No. 1 CA-CR 24-0557

FILED 10-22-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-006616-001
The Honorable Harla M. Davison, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

The Law Office of Kyle T. Green, P.L.L.C., Mesa
By Kyle Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

---

**F O S T E R**, Judge:

¶1          Defendant Kenneth Jamal Bryant appeals his conviction and sentence for aggravated driving under the influence ("DUI"), a class six felony. Bryant argues the court improperly instructed the jury on the presumption of intoxication. For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2          This Court "view[s] the facts in the light most favorable to sustaining the jury verdict[ ] and [will] resolve all reasonable inferences against the [defendant]." *State v. Poshka*, 210 Ariz. 218, 218, ¶ 2 (App. 2005).

¶3          Bryant was driving on the freeway with his child, who was under 15 years of age, when an off-duty state trooper stopped him for suspicion of DUI at 7:19 p.m. The trooper observed that Bryant's speed fluctuated between 45 and 65 miles per hour, he weaved into the emergency lane and drove over the area between the freeway and the exit ramp. After stopping Bryant, the trooper spoke to him and smelled alcohol on Bryant's breath. The trooper also observed Bryant's eyes were "bloodshot and watery." Additional troopers arrived and took over the investigation, conducting three field sobriety tests, all of which indicated impairment. Troopers arrested Bryant for DUI and discovered four empty single-serving bottles of whiskey in his front passenger seat.

¶4          At the police station, troopers drew Bryant's blood to test for impairment. The draw produced two vials of blood. The first vial was marked 9:18 p.m. and the second vial was marked 9:19 p.m. Only one of the vials was tested and revealed Bryant's blood alcohol content ("BAC") as 0.131, well over the legal limit of 0.08. The State charged Bryant with two counts of aggravated DUI. Count 1 alleged Bryant drove while "under the influence of intoxicating liquor" with a child under fifteen years of age in the vehicle. Count 2 alleged Bryant had "an alcohol concentration of 0.08 or more . . . within two hours of the time of driving" while a child under fifteen

years of age was in the vehicle. *See* A.R.S. § 28-1381(A)(1), (2). The case proceeded to trial.

¶5 At trial, after the State rested its case, Bryant's counsel moved for a directed verdict on both counts, claiming there was "insufficient evidence that Bryant was impaired at the time of driving." Bryant's counsel argued that law enforcement failed to collect both vials of blood within the two-hour period following Bryant's driving. Counsel further argued that absent evidence showing which vial was tested, the BAC evidence was insufficient to show that Bryant had "an alcohol concentration of 0.08 or more … within two hours of the time of driving" as required under Count 2. The court denied the motion. Bryant's counsel renewed the directed verdict motion after the defense presented its case. The court granted the renewed motion and dismissed Count 2, finding the forensic expert did not testify which tube was tested and the "9:19 blood draw was outside of the two hours of driving."

¶6 Bryant then challenged the presumption of intoxication. Consistent with the Revised Arizona Jury Instructions, the instruction stated:

> The amount of alcohol in a defendant's blood gives rise to the following presumptions:
>
> . . .
>
> 3. If there was at that time 0.08% or more by concentration of alcohol in the defendant's blood, it may be presumed that the defendant was under the influence of intoxicating liquor.
>
> These are rebuttable presumptions. In other words, you are free to accept or reject these presumptions after considering all the facts and circumstances of the case. Even with these presumptions, the State has the burden of proving each and every element of the offense of driving under the influence beyond a reasonable doubt before you can find the defendant guilty.

Bryant argued the instruction was improper because there was no evidence of his BAC within two hours of driving. The court denied the objection and found that there was no reason to amend the standard presumption of intoxication instruction. In a last attempt, Bryant requested the court amend the presumption of intoxication instruction to reflect the statute and include

"within two hours," which the court also denied because it was not part of the standard instruction. But the court permitted Bryant to argue to the jury that the presumption did not apply based on the two-hour requirement.

¶7        The jury found Bryant guilty on Count 1 and the court sentenced Bryant to a year of supervised probation. Bryant timely appealed and this Court has jurisdiction. Ariz. Const. art. VI, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A).

## DISCUSSION

### I.        The court erred in instructing the jury on the presumption of intoxication.

¶8        Bryant argues the court erred by instructing the jury on the presumption of intoxication. He relies on the court's dismissal of Count 2, contending that such dismissal "necessarily meant that the presumption under A.R.S. § 28-1381(G) was inapplicable."

¶9        A court's decision to give jury instructions is reviewed for an abuse of discretion. *State v. Solis*, 236 Ariz. 285, 286, ¶ 6 (App. 2014) (citing *State v. Anderson*, 210 Ariz. 327, 343, ¶ 60 (2005)). But whether the instructions properly state the law in its entirety is reviewed *de novo*. *Id.* Questions of statutory interpretation are also reviewed *de novo* as matters of law. *State v. Cooperman*, 230 Ariz. 245, 250, ¶ 16 (App. 2012). Because Bryant's counsel properly objected to the presumption of intoxication instruction, this Court reviews for harmless error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005).

¶10        State law makes it unlawful to operate a vehicle under certain circumstances including when a person was driving "while under the influence of intoxicating liquor . . . if the person is impaired to the slightest degree." A.R.S. § 28-1381(A)(1). When a person's BAC is 0.08 or higher within two hours of driving, it gives rise to a statutory presumption of impairment. *See* A.R.S. § 28-1381(G)(3) (a concentration of 0.08 or higher within two hours of driving may indicate "that the defendant was under the influence of intoxicating liquor").

¶11        When the court dismissed Count 2, it found there was insufficient evidence that the expert tested a blood draw occurring within the two-hour requirement. After that finding, the presumption under § 28-1381(G)(3) no longer applied, and therefore the instruction was no longer relevant. Thus, it should have removed the presumption instruction.

## II.     The court's error was harmless.

**¶12**         But the court's error does not provide the relief Bryant seeks. The State argues that any error was harmless, citing among other things, that overwhelming evidence supported Bryant's conviction. This Court agrees. *State v. Cisneroz,* 190 Ariz. 315, 318 (App. 1997) ("[A]ssuming the judge erred . . . such was harmless beyond a reasonable doubt in the face of the overwhelming evidence of guilt in this case.").

**¶13**         Impairment occurs when alcohol is consumed, absorbed into the bloodstream and carried to the "central nervous system and brain." *See Cooperman*, 230 Ariz. at 248, ¶ 8. Two troopers testified about the smell of alcohol on Bryant's breath and his bloodshot eyes. The State introduced evidence of Bryant's impairment through testimony about the field sobriety tests and the troopers' observations regarding various indicators of impairment. During the Horizontal Gaze Nystagmus test, which is an acceptable indicator of impairment, *State v. Superior Court in and For Cochise County*, 149 Ariz. 269, 279 (1986), Bryant showed four out of six cues of impairment. Similarly, during the Walk-and-turn Test, while attempting to walk along a straight line, Bryant stepped off the line twice and failed to touch his heel to his toes approximately five times. And Bryant failed to maintain balance during the One-leg Stand Test. Additionally, the four empty single-serving bottles of whiskey, Bryant's fluctuating speed, Bryant's weaving from one lane to another and Bryant's BAC of 0.131, one-and-a-half times the legal limit, provided evidence of his impairment. Bryant's counsel pointed to flaws in this evidence and the jury had the opportunity to review the evidence during deliberations before issuing its verdict. Even though the jury was instructed on the presumption of intoxication, the overwhelming evidence the State presented did not require the jury to apply the presumption to reach its verdict.

**¶14**         Although the court erred by instructing the jury on the presumption of intoxication, the error was harmless because the State presented overwhelming evidence to support Bryant's conviction such that the presumption instruction was irrelevant. The State's evidence was sufficient to justify the jury's verdict that Bryant was "impaired to the slightest degree." A.R.S. § 28-1381(A)(1), (G)(3).

## CONCLUSION

¶15        For the reasons above, this Court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR