552 P.2d 1192

**STATE of Arizona, Appellee,**

v.

**Henry SMITH, Appellant.**

**No. 3383–PR.**

Supreme Court of Arizona, In Banc.

July 19, 1976.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim.Div., Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Appellant, Henry Smith, was convicted by a jury of the crime of armed robbery. The conviction was affirmed by the Court of Appeals, Division One, Department B in a memorandum decision, 1 CA–CR 1103, filed November 12, 1975. We granted review to examine the correctness of the trial court's giving an instruction on flight under the facts of this case. Decision of the Court of Appeals vacated and judgment of the Superior Court reversed and remanded for a new trial.

On appeal facts are viewed to support the verdict of the jury. *State v. Garcia,* 102 Ariz. 468, 433 P.2d 18 (1967).

On June 7, 1974 at approximately 7:20 in the evening appellant and another man knocked on the apartment door of the victim who was the assistant manager of the Monterrey Apartments. The two men stated that they wished to pay the remainder of the rental payment and obtain a key so that they could move into an apartment. The two men and the assistant manager went over to the nearby office. After they had entered the office the appellant struck the victim on her head with a handgun and demanded all the money in the office. She handed over a bag containing approximately $147.00 in cash and a check. Appellant struck her repeatedly, bound her, and threatened her life if she told the police of the incident. The two men were observed by a witness to walk from the office to a parking lot where they were then observed leaving by car.

 Appellant contends that the instruction on flight[1] given over his objection was not supported by competent evidence, and it was prejudicial error to give it. This Court has held that it is improper to give an instruction which is not clearly supported by the evidence. *State v. Caruthers,* 110 Ariz. 345, 519 P.2d 44 (1974). However, in order for error to be reversible it must be shown to be prejudicial.

The test that the court must use in order to determine if it should give an instruction on flight was delineated in *State v. Rodgers,* 103 Ariz. 393, 442 P.2d 840 (1968).

 The test is two-fold. First, the evidence is viewed to ascertain whether it supports a reasonable inference that the flight or attempted flight was open, such as the result of an immediate pursuit. If this is not the case then the evidence must support the inference that the accused utilized the element of concealment or attempted concealment. *State v. Rodgers,* supra. The absence of any evidence supporting either of these findings would mean that the giving of an instruction on flight would be prejudicial error. *State v. Castro,* 106 Ariz. 78, 471 P.2d 274 (1970). Exceptions to this rule of law are when the defense fails to make timely objection, *State v. Steed,* 109 Ariz. 137, 506 P.2d 1031 (1973), or when the appellant testifies to his escape from jail. *State v. White,* 16 Ariz.App. 514, 494 P.2d 714 (1972). The evidence in the present case only shows that the appellant left the scene of the crime. This evidence does not warrant an instruction on flight. Since a timely objection was made it was prejudicial error to give the instruction.

As it is unlikely that appellant's other two assignments of error will occur again during retrial, it is not necessary for us to discuss them.

Memorandum decision of the Court of Appeals vacated and judgment of the Superior Court reversed and remanded for a new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

1. "Running away after a crime has been committed does not in itself prove guilt. You may consider any evidence of running away together with all the other evidence."