NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BRIAN JOSEPH KENNEDY, *Appellant*.

No. 1 CA-CR 15-0272
FILED 4-28-2016

Appeal from the Superior Court in Navajo County
No.  S0900CR201300284
S0900CR201400277
(Consolidated)
The Honorable Robert J. Higgins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Emery K. LaBarge, Attorney at Law, Snowflake
By Emery K. LaBarge
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**J O H N S E N**, Judge:

¶1          Brian Joseph Kennedy appeals his convictions and resulting sentences for aggravated assault (domestic violence), a Class 4 felony; two counts of preventing the use of a telephone in an emergency, each a Class 2 misdemeanor; and criminal damage, a Class 2 misdemeanor. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Kennedy choked his girlfriend during an argument.[1] The victim freed herself by kicking Kennedy, then ran down the hall to her mother's bedroom. The victim and her mother called 9-1-1 on a landline phone, but, midway through their call, Kennedy came into the bedroom and pulled the phone out of the wall, saying, "I'm not going to let you call 9-1-1 on me again." After Kennedy carried the phone out of the bedroom, the victim tried to use her mother's cell phone to call 9-1-1, but Kennedy returned and took the cell phone from the victim. Two officers responded. Upon their arrival, one of the officers noticed redness on the victim's face, throat and chest. Fifteen minutes later, the officer took photographs of the victim's injuries, but testified that the redness had begun to fade by that time.

¶3          After a jury convicted Kennedy, the superior court sentenced him to two and a half years' incarceration on the aggravated assault (domestic violence) conviction and three days' incarceration on each of the other three convictions. Kennedy timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona

---

[1]     "We view the facts in the light most favorable to sustaining the convictions." *State v. Robles*, 213 Ariz. 268, 270, ¶ 2 (App. 2006).

Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A)(1) (2016).[2]

## DISCUSSION

### A. Alleged Juror Misconduct.

¶4        The first question on appeal arises from a written question an unidentified juror submitted at the conclusion of the victim's mother's testimony. The question asked, "Is [Kennedy] bored? Because he's rocking back and forth in his chair and yawning."

¶5        Kennedy argues he was denied his right to a fair and impartial jury because the court did not conduct an inquiry to identify the juror who had written the note so that Kennedy could move to strike the juror from the panel. Outside the presence of the jury soon after the question was received, Kennedy argued the question demonstrated bias, and asked the court to ascertain which juror wrote the note so that he could move to strike him or her. The court responded:

> [The question] doesn't comment at all on whether the juror thought [the defendant] was innocent or guilty - or not guilty or guilty. It was just an observation. And again, we didn't read it. So I don't think it was a proper question. But I don't think it shows bias, one way or another.

The court added that ascertaining which juror had written the note might alert the other jurors to the issue, thereby possibly prejudicing the other jurors. At that, Kennedy moved for a mistrial, and the court denied the motion.

¶6        We will not overturn a superior court's ruling on a motion challenging a juror for bias absent clear abuse of discretion. *State v. Narten*, 99 Ariz. 116, 122 (1965). "We presume that jurors are impartial absent evidence to the contrary." *State v. Payne*, 233 Ariz. 484, 510, ¶ 100 (2013).

¶7        Kennedy argues on appeal the court erred by refusing to inquire into the identity of the juror who wrote the question and to try to ascertain whether that juror was biased. He argues the juror's question required the court to "conduct some type of inquiry." Kennedy contends *State v. Rojas*, 177 Ariz. 454 (App. 1993), and *State v. Miller*, 178 Ariz. 555

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

(1994), hold that the court must conduct such an inquiry when a juror's partiality is questioned. Kennedy's reliance on those cases, however, is misplaced. In *Rojas*, before the jury retired to deliberate, a juror gave the bailiff a personal note expressing sympathy, along with a twenty-dollar bill, to pass on to a victim. 177 Ariz. at 456, 458-59. This court held the superior court abused its discretion by waiting until after the jury returned its verdict to confront the juror about the note, and then by asking him leading questions in response to which the juror affirmed he had not firmly made up his mind about the defendant's guilt before deliberations began. Those circumstances "cast an irrevocable cloud over the jury's fairness and impartiality." *Id.* at 459 (quoting *State v. Reynolds*, 11 Ariz. App. 532, 535 (1970)). In *Miller*, an alternate juror dismissed just before deliberations began left a note for a member of the jury, saying something to the effect that the defendant was guilty. 178 Ariz. at 557. In the face of such an act of juror tampering about an issue of guilt, our supreme court held the superior court should have taken evidence to determine whether the note affected the jury's deliberation. *Id.*

¶8        The incident here falls far short of the circumstances in *Rojas* and *Miller*. Although a juror's fixed opinion about a defendant's guilt is grounds for disqualification, *Rojas*, 177 Ariz. at 458, the question the juror asked here (whether Kennedy was bored) did not indicate that the juror had a fixed opinion that Kennedy was guilty. Instead, the question only related to the juror's observations of Kennedy's behavior at trial. It goes without saying that jurors closely watch a defendant's demeanor during trial. *See Payne*, 233 Ariz. at 515, ¶ 131 (although prosecutor should not draw attention to defendant's affect in courtroom, defendant's demeanor is on display for the jury); *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008) ("[I]t is inevitable that jurors will observe a defendant at counsel table during the course of a trial. . . . This is a natural consequence of a defendant's decision to exercise his right to be present at trial."). The juror's note did not hint at any discussions with other jurors about Kennedy's affect or about whether he was guilty. Nor did the court read the juror's question aloud in the presence of the other jurors.

¶9        A court's response to a threat of juror bias need only be "commensurate with the severity of the threat posed." *Miller*, 178 Ariz. at 557 (quoting *United States v. Thomas*, 463 F.2d 1061, 1063 (7th Cir. 1972)). In such a situation, the superior court has discretion to consider, among other things, whether questioning the jury is likely to escalate the issue, thereby creating the possibility of bias where none otherwise would have existed. Under these circumstances, the superior court did not abuse its discretion when it denied the motion to strike without questioning the jury.

**B.     Jury Instruction on Concealment of Evidence.**

**¶10**          Kennedy also argues the court erred when it instructed the jury on concealment of evidence.   He contends the instruction was improper because the evidence did not show that he attempted to hide or conceal the landline phone or the cell phone. We review the superior court's decision on whether to give a requested jury instruction for an abuse of discretion.  *State v. Dann*, 220 Ariz. 351, 363-64, ¶ 51 (2009).

**¶11**          An instruction on concealment of evidence is appropriate if the evidence supports the inference that "the accused utilized the element of concealment or attempted concealment." *State v. Smith*, 113 Ariz. 298, 300 (1976).  At trial, defense counsel objected to the proposed jury instruction on flight or concealment, contending that Kennedy never ran away, hid or concealed evidence.  The State conceded that the flight instruction was irrelevant but argued that Kennedy "took away two phones in order to conceal the whole incident. . . .  [H]e tried to conceal the entirety of this incident by preventing it to be reported to the police."  The court modified the instruction so as not to refer to flight but retained the concealment portion, reasoning there was "plenty of testimony about [concealment] with the phone being ripped out of the wall."  The court instructed the jury as follows:

> In determining whether the State has proved the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's hiding or concealing evidence, together with all the other evidence in the case.  Hiding or concealing evidence after a crime has been committed does not by itself prove guilt.

**¶12**          The court did not abuse its discretion in instructing the jury on concealment.  The State presented sufficient evidence for the jury to infer that Kennedy attempted to conceal evidence of the assault by preventing the victim from calling the police.  One of the responding officers testified Kennedy admitted he took both phones while the victim was attempting to call 9-1-1.   Another officer testified that within fifteen minutes of the officer's arrival at the home, the redness on the victim's neck and throat had faded.  Additionally, a sexual assault nurse testified that redness caused by pressure fades over time and can last from minutes to hours.  Thus, the jury could infer that Kennedy attempted to conceal evidence of the assault by preventing the victim from calling the police.

## CONCLUSION

¶**13**     For the foregoing reasons, we affirm Kennedy's convictions and resulting sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama