NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERIC STEVEN WRIGHT, *Appellant.*

No. 1 CA-CR 15-0661
FILED 1-31-2017

Appeal from the Superior Court in Maricopa County
No. CR2014-121475-001
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence Blieden
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

¶1        Eric Steven Wright appeals his conviction and sentence for one count of possession of a dangerous drug for sale. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2        In May 2014, the Glendale Police Department was conducting surveillance of a residence with reported drug activity, when Officer Rochelle Thomas saw two males leave the residence, get into a Cadillac, and drive away. Officer Thomas followed the Cadillac, and after she witnessed the Cadillac turn left without signaling, alerted Detective Shaun Hardesty, a uniformed officer who was driving an unmarked police vehicle, of the Cadillac's license plate number and direction of travel.[2]

¶3        Detective Hardesty located the Cadillac, positioned himself behind it, and activated his blue and red lights in an attempt to stop the vehicle. The Cadillac did not immediately pull over, but passed several streets before pulling into a shopping center parking lot. Officer Hardesty then activated his siren, and the Cadillac continued through the parking lot passing several aisles of parking spaces before finally coming to a stop.

¶4        The driver of the vehicle was identified by Detective Hardesty as Eric Steven Wright ("Defendant"), who admitted to driving with a suspended license. As a result, Detective Hardesty conducted an inventory search of the vehicle and found five plastic bags containing a white crystal

---

[1]      We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

[2]      While the vehicle was unmarked, it did have blue and red lights in the windshield and a police siren.

substance later identified as methamphetamine. The five bags contained varying amounts of methamphetamine totaling 12.3 grams. Defendant was placed under arrest and a search of his person found $4,220 in cash.

¶5        Defendant was charged with possession of a dangerous drug for sale and pled not guilty. At his jury trial, the court overruled Defendant's *Batson* objection to the prosecutor's peremptory strike of a juror; that juror being the only then-remaining black juror in the venire. At the close of trial, the jury was given a flight instruction without objection from Defendant. Defendant was found guilty as charged and sentenced to the presumptive term of 10 years. This timely appeal followed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031, and -4033(A)(1) (2010).

## DISCUSSION

¶6        Defendant argues that the trial court erred by allowing the State to strike a juror for discriminatory reasons, and by giving a flight instruction to the jury.

### A.    *Batson* Challenge.

¶7        Defendant first challenges the State's peremptory strike of a juror as a violation of his rights under *Batson v. Kentucky*, 476 U.S. 79 (1986). A discriminatory peremptory strike is a violation of the Equal Protection Clause of the Fourteenth Amendment. *Batson*, 476 U.S. at 85-86. We review Batson challenges for clear error. *State v. Hardy*, 230 Ariz. 281, 285, ¶ 11 (2012).

¶8        A *Batson* challenge proceeds in three stages: (1) a defendant must make a prima facie showing of discrimination, (2) the prosecutor then must offer a race-neutral reason for the strike, and (3) the court determines whether the challenger proved purposeful racial discrimination. *Id.* at 285, ¶ 12 (quoting *State v. Gallardo*, 225 Ariz. 560, 565, ¶ 11 (2010)). Defendant argues both that the prosecutor did not provide a race-neutral reason, and that the superior court did not undertake the analysis required by the third stage of the process.

¶9        Under the second stage of a *Batson* challenge, the prosecutor must only supply a facially valid explanation to satisfy the burden. *See Hernandez v. New York*, 500 U.S. 352, 360 (1991). The explanation does not need to be "persuasive, or even plausible." *Purkett v. Elem*, 514 U.S. 765, 768 (1995). When asked at trial, the prosecutor offered:

> [O]ne of the most important things I look is at [sic] prior jury experience. [The stricken juror] noted that he had been on . . . three trials, two of which were criminal, and he was the only respondent who was still on our panel who had returned a not guilty verdict in a criminal case. Specifically, the way he described the case . . . . [H]e was part of a jury that did not convict the motorist that was on trial because he noted that the victim had made a left-hand turn.
>
> [T]he very fact of the acquittal is the first basis . . . and his reasoning for the not guilty verdict gave the State further cause to make that strike.

While Defendant argues this explanation was inconsistent with other challenges the prosecutor made to the prospective jury panel, this explanation was facially race-neutral and thus satisfied the prosecutor's burden. *See Purkett*, 514 U.S. at 769 ("[A] 'legitimate reason' is not a reason that makes sense, but a reason that does not deny equal protection.").

¶10        Under the third stage, the analysis is fact intensive and turns on the credibility of the prosecutor. *Miller-El v. Cockrell*, 537 U.S. 322, 339-40 (2003). As such, the trial court is in the best position to make a finding and is therefore "due much deference." *State v. Newell*, 212 Ariz. 389, 401, ¶ 54 (2006). After the prosecutor gave his race-neutral reason for the strike, Defendant's attorney argued that other non-minority jurors on the panel with similar qualifications were not stricken by the prosecutor. The court then denied Defendant's challenge and impaneled the jury.

¶11        Defendant cites to several cases from other jurisdictions requiring courts to provide, on the record, a basis for their analysis under the third stage of a *Batson* challenge. However, there is no requirement in Arizona that a court make such detailed findings. *Miller-El*, 537 U.S. at 347 ("[A] state court need not make detailed findings addressing all the evidence before it."); *see also State v. Canez*, 202 Ariz. 133, 147, ¶ 28 (2002) ("the trial court ruled against [defendant's] challenge, implicitly finding that he had not carried his burden of proving purposeful discrimination"), *abrogated on other grounds by State v. Valenzuela*, 239 Ariz. 299 (2016). By denying Defendant's challenge the court implicitly found that Defendant failed to establish the State's reason was a pretext for purposeful discrimination. *See Canez*, 202 Ariz. 133, 147, ¶ 28. We find no error.

## B. Flight Instruction

**¶12** Defendant also argues that the court erred in giving a flight instruction. We review jury instructions for an abuse of discretion. *State v. Parker*, 231 Ariz. 391, 403, ¶ 44 (2013). However, if a defendant fails to object to an error below, they forfeit the right to relief unless fundamental error occurred. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). A fundamental error is one that goes "to the foundation of the case . . . tak[ing] from the defendant a right essential to his defense, and . . . of such magnitude that the defendant could not possibly have received a fair trial." *Id.*

**¶13** A flight instruction is proper if the evidence supports a reasonable inference of either (1) open flight as a result of immediate pursuit, or (2) the defendant utilized the element of concealment. *State v. Smith*, 113 Ariz. 298, 300 (1976). A trial court can also give a flight instruction based on evidence that may "infer consciousness of guilt." *Parker*, 231 Ariz. at 403, ¶ 44.

**¶14** The only evidence in the record of flight is the testimony of Detective Hardesty. He testified at trial that, after he initiated the lights on his unmarked police cruiser, the Defendant continued "three or four streets" before pulling into a shopping center. Detective Hardesty then turned on his siren and the Defendant, despite passing "plenty of opportunities to pull into a parking lot or space," continued through the parking lot for several aisles before finally stopping. In addition, the stop took place around 3 p.m. on a Tuesday afternoon, when there would not be heavy traffic in a shopping center parking lot.

**¶15** A defendant driving slowly for a short distance, before pulling into a parking lot for a police vehicle displaying lights, but no siren, is not a strong indication of flight as a result of pursuit, *see State v. Cutright*, 196 Ariz. 567, 570, ¶ 14 (App. 1999) (finding such behavior "may be too equivocal"), *overruled on other grounds by State v. Miranda*, 200 Ariz. 67 (2001), however this evidence is sufficient to support the trial court's finding and is not an abuse of discretion. Though Defendant may have seen the time he took to pull over as reasonable, a jury could also infer from Detective Hardesty's testimony an inference of guilt, or that he was using the time to attempt to conceal evidence. *See Parker*, 231 Ariz. at 403, ¶ 44; *State v. Edwards*, 136 Ariz. 177, 184 (1983). Accordingly, we find no error.

## CONCLUSION

¶16        Defendant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA