NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH E. DUSTIN, *Appellant*.

No. 1 CA-CR 18-0399
FILED 8-27-2019

Appeal from the Superior Court in Yavapai County
No. P1300CR201701095
The Honorable Patricia A. Trebesch, Judge, *Retired*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

M. Alex Harris PC, Chino Valley
By M. Alex Harris
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1          Joseph E. Dustin appeals his conviction and sentence for unlawful flight from a pursuing law enforcement vehicle.  He argues the superior court fundamentally erred in instructing the jury and the prosecutor engaged in misconduct during closing arguments.  Dustin also challenges the court's sentencing order.  Because only the sentencing issues merit publication, we address them in a separate opinion.  *See* Ariz. R. Sup. Ct. 111(h); Ariz. R. Crim. P. 31.19(f).  For the following reasons, and those set forth in the opinion, we affirm Dustin's conviction and we affirm his sentence as modified.

**BACKGROUND**

¶2          We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against Dustin.  *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).  While on patrol, Officer Justin Smith "r[a]n a license plate" on a Dodge Durango parked in front of a house and learned the Durango was not insured and thus could not lawfully be operated.  *See* A.R.S. § 28-4135.  Smith waited in his fully marked patrol vehicle a short distance away until a man exited the house, entered the Durango, and drove away.  Smith followed and activated his patrol car's lights to initiate a traffic stop, but the Durango did not pull over. Smith also observed the driver "pour something out of the driver's side window." Smith then activated the siren, but the driver continued driving away. Consistent with police department policy, Smith ended the pursuit but was later able to contact Dustin, who admitted he drove the Durango during the pursuit.

¶3          The State indicted Dustin on one count of unlawful flight, alleging he "willfully fled or attempted to elude a pursuing official law enforcement vehicle which was being operated with proper emergency equipment," a class 5 felony.  At trial, Dustin testified that even though he noticed a police car following him with its lights and siren on, he "thought it would be best to just go home and be safe.  Then the vehicle would be

safe and not be towed." The jury found Dustin guilty as charged, and the superior court sentenced him to a four-year prison term. Dustin timely appealed.

## DISCUSSION

### A. Jury Instructions

¶4 Dustin argues the superior court fundamentally erred because the court's oral recitation of the final jury instructions (1) referred to inapplicable matters and (2) failed to instruct the jury on the elements of the charged offense. Because Dustin failed to object at trial to the court's oral recitation of the jury instructions, we review only for fundamental error. *State v. Bass*, 198 Ariz. 571, 575, ¶ 9 (2000). To prevail on fundamental error review, a defendant must establish error that (1) "went to the foundation of the case," (2) "took from the defendant a right essential to his defense," or (3) "was so egregious that he could not possibly have received a fair trial." *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). The first two prongs, if found, require a subsequent finding of prejudice; the third is inherently prejudicial. *Id.* Error in a jury instruction is reversible only if, taken as a whole, the instruction supports a reasonable presumption that the jury was misled by the erroneous instruction. *State v. Gallegos*, 178 Ariz. 1, 10 (1994).

¶5 The record reflects that when orally reciting the final instructions, the superior court erroneously told the jury Dustin did not testify and he was absent from trial. The record also shows the court did not orally instruct the jury on the elements of unlawful flight. However, based on the record as a whole, we find no fundamental error. The transcript confirms that the jurors received copies of the correct written instructions and that both the prosecutor and defense counsel relied on the written instructions during closing arguments. Unlike the court's oral recitation, the written instructions did not inaccurately refer to Dustin as being absent from trial or failing to testify; instead, the written instructions properly informed the jury to evaluate Dustin's testimony the same as it would for any other witness. The jurors' written instructions also correctly stated the elements of unlawful flight, including pertinent definitions.

¶6 Dustin does not identify anything in the record showing jury confusion or that the jury relied upon the court's incorrect and incomplete oral instructions. To the contrary, the court orally admonished the jurors to review and discuss the written instructions during deliberations. Thus, although the court erred in its oral recitation of the instructions, "we do not

presume juror confusion in the absence of supporting evidence, and we cannot find fundamental error where the jury benefitted from a sufficiently clear written instruction." *Bass*, 198 Ariz. at 576–77, ¶ 18 ("[T]he jurors' confusion [from the erroneous oral jury instructions], if any, would have been dispelled by the error-free written instruction which correctly advised them of their charge."). Nor can Dustin establish prejudice. *See State v. Dickinson*, 233 Ariz. 527, 531, ¶ 13 (App. 2013) ("[A defendant] must affirmatively 'prove prejudice' and may not rely upon 'speculation' to carry his burden [of establishing reversible fundamental error].").

¶7 As a separate challenge to the jury instructions, Dustin briefly suggests the superior court should have sustained his objection to the State's request to include a flight instruction. "We review the trial court's decision to give or refuse a jury instruction for an abuse of discretion." *State v. Hurley*, 197 Ariz. 400, 402, ¶ 9 (App. 2000). Because Dustin objected at trial, to the extent the instruction was improper, we review for harmless error. *See State v. Solis*, 236 Ariz. 285, 287, ¶ 12 (App. 2014).

¶8 The court instructed the jury as follows:

> In determining whether the State has proved the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's running away, hiding, or concealing evidence, together with all the other evidence in the case. You may also consider the defendant's reasons for running away, hiding, or concealing evidence. Running away, hiding, or concealing evidence after a crime has been committed does not by itself prove guilt.

In overruling Dustin's objection, the court reasoned that the jury could properly consider Dustin's reasons for running or failing to stop the Durango based on the evidence presented.

¶9 "A flight instruction should only be given if the State presents evidence of flight after a crime from which jurors can infer a defendant's consciousness of guilt." *Solis*, 236 Ariz. at 286, ¶ 7. When a defendant conceals either himself or the evidence of a crime, his actions might display a consciousness of guilt from which a jury may infer that he is actually guilty. *See State v. Edwards*, 136 Ariz. 177, 184 (1983); *State v. Hunter*, 136 Ariz. 45, 48–49 (1983). A flight instruction is thus warranted if the evidence shows the defendant's flight was open, or if it supports "the inference that the [defendant] utilized the element of concealment or attempted concealment." *State v. Smith*, 113 Ariz. 298, 300 (1976).

¶10 Apparently referring to the liquid Officer Smith saw the driver of the Durango pour out the window during the pursuit, Dustin seems to suggest the superior court erred in giving the flight instruction because the State used it to "imply something illegal was in the liquid and [Dustin] was concealing a crime." As noted below, *infra* ¶ 20, the State could reasonably suggest to the jury that Dustin failed to pull over during the pursuit because he did not want police to discover whatever it was that he poured out the window. Moreover, as noted, a flight instruction is appropriate if there is evidence of either running away or concealment. *See Smith*, 113 Ariz. at 300; *Solis*, 236 Ariz. at 286–87, ¶ 7. The evidence shows that Dustin fled from Smith after he became aware Smith wanted him to stop. Dustin continued to flee, which supports giving the flight instruction, and on appeal he cites no authority to the contrary.

¶11 Even assuming the instruction was improperly given, Dustin is not entitled to a new trial. An error is harmless if the State demonstrates "beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005); *see also State v. Dann*, 205 Ariz. 557, 565–66, ¶ 18 (2003) (stating harmless error analysis is applied to erroneous jury instructions). The State may meet its burden if "the evidence against a defendant is so overwhelming that any reasonable jury could only have reached one conclusion." *State v. Anthony*, 218 Ariz. 439, 446, ¶ 41 (2008).

¶12 To meet its burden of proving the charge of unlawful flight, the State was required to establish beyond a reasonable doubt that Dustin willfully fled or attempted to elude a pursuing official law enforcement vehicle that was appropriately marked. *See* A.R.S. § 28-622.01. In addition to Officer Smith's testimony about the pursuit, Dustin confirmed at trial he was driving the Durango and saw a police officer following him with the police car's lights activated. Dustin further testified that once the police officer turned on his siren, he understood the officer wanted him to stop, but he continued driving. The State therefore presented overwhelming evidence to establish every element of the offense beyond a reasonable doubt. *See Dann*, 205 Ariz. at 565, ¶ 18.

## B. Prosecutorial Misconduct

¶13 Dustin next argues the prosecutor engaged in misconduct during closing argument by "vouching," "verbally abusi[ng]" defense counsel, and accusing defense counsel of "misstating the rules and law." Part of the transcript Dustin cites to includes a bench conference during closing arguments. The alleged impropriety that occurred during the bench

conference, however, was outside the jury's presence and therefore did not deny Dustin a fair trial. *See State v. Armstrong*, 208 Ariz. 345, 358, ¶ 64 (2004) (concluding that the prosecutor's "acrimonious and inappropriate remarks" occurred outside the jury's presence and therefore did not violate defendant's "rights essential to [his] defense"). In any event, because Dustin did not object to the purported misconduct at trial, he is not entitled to relief absent fundamental error. *See State v. Roscoe,* 184 Ariz. 484, 497 (1996).

**¶14**          "Prosecutorial misconduct 'is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial.'" *State v. Aguilar*, 217 Ariz. 235, 238–39, ¶ 11 (App. 2007) (quoting *Pool v. Super. Ct.*, 139 Ariz. 98, 108–09 (1984)). A conviction will be reversed for prosecutorial misconduct "if (1) the prosecutor committed misconduct and (2) a reasonable likelihood exists that the prosecutor's misconduct could have affected the verdict." *State v. Benson*, 232 Ariz. 452, 463, ¶ 40 (2013). A defendant must demonstrate that the "prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998) (citation omitted).

**¶15**          Dustin first complains that, during rebuttal, the prosecutor referred to defense counsel's closing argument as "snidely." Because the alleged misconduct occurred during rebuttal, we view the prosecutor's statement in the context of Dustin's closing argument. *See State v. Kerekes*, 138 Ariz. 235, 239 (App. 1983).

**¶16**          Defense counsel's closing argument concluded as follows:

> [DEFENSE COUNSEL]: You can go back there and do what you think is right. If you think the state's version of the elements is what's right, conviction is obvious. If you think the defendant, reasons he's given, is appropriate and right, then you got a right to make a verdict of not guilty.
>
> [PROSECUTOR]: Objection, Your Honor. Misstatement of the law.
>
> THE COURT: Sustained.
>
> [PROSECUTOR]: Ask that be stricken and the jury not to consider it.

THE COURT: So ordered.

[DEFENSE COUNSEL]: Well, with that objection is that [sic] you have no option but to do exactly what the state says, that's wrong.

[PROSECUTOR]: Your Honor, objection. Move to strike.

THE COURT: Give me a moment. I'm going to strike that reference. So ordered.

[DEFENSE COUNSEL]: Apparently you have no choice about the verdict, but I will argue anyway. You can determine facts. You can determine which evidence to believe. You can make the verdict that you want to make. I believe the verdict should be not guilty. Thank you.

¶17        The prosecutor concluded his rebuttal argument as follows:

[Defense counsel] at the very end kind of snidely commenting on his comments getting struck and, basically, given the evidence in this case, [suggested] you have to find the defendant guilty.

Not suggest [sic] -- you don't have [to do] anything. You are the judge of the facts and you can decide. But given the evidence in this case -- I don't believe the idea of open and shut -- you should find the defendant guilty because he committed the crime. And, frankly, the evidence is clear as to every single element. I'd ask that you do so.

¶18        Although a prosecutor should not impugn opposing counsel's "integrity or honesty" during closing arguments, *Hughes,* 193 Ariz. at 86, ¶ 59, we do not find that the prosecutor's "snidely" comment here fell beyond the scope of permissible argument, *State v. Gonzales*, 105 Ariz. 434, 437 (1970) ("[E]xcessive and emotional language is the bread and butter weapon of counsel's forensic arsenal, limited by the principle that attorneys are not permitted to introduce or comment upon evidence which has not previously been offered and placed before the jury."). The isolated comment was unnecessary, but it was not so unfair as to deny Dustin due process.

¶19        Dustin next contends the prosecutor engaged in vouching by stating, "I don't believe the idea of open and shut[.]" The comment,

however, was not vouching. *See State v. Vincent,* 159 Ariz. 418, 423 (1989) (explaining that prosecutorial vouching occurs either "(1) where the prosecutor places the prestige of the government behind its witness; [or] (2) where the prosecutor suggests that information not presented to the jury supports the witness's testimony"). Defense counsel told the jury, "[f]rom what's been presented this is an open and shut situation." Again, the prosecutor was fairly responding to defense counsel's closing argument. *See State v. Alvarez*, 145 Ariz. 370, 373 (1985) (explaining that comments by the prosecution refuting a defendant's theory are proper because they "are a fair rebuttal to areas opened by the defense").

**¶20** Finally, Dustin asserts the prosecutor improperly suggested the liquid thrown from the Durango contained contraband because there was no supporting evidence for the prosecutor's suggestion. Dustin bases his assertion on Officer Smith's testimony that although he observed a wet spot where the liquid was thrown, he was unable to test anything and did not know what the liquid was. The prosecutor's statement was not improper. From the evidence presented, a reasonable inference could be drawn about the liquid that might explain, at least partially, why Dustin did not stop even though he knew Officer Smith was pursuing him. *See State v. Bible*, 175 Ariz. 549, 602 (1993) ("[D]uring closing arguments counsel may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions."); *Hunter*, 136 Ariz. at 50 ("[T]he fact that the defendant had some motive, good or bad, for committing the crime is one of the circumstances which, together with other circumstances, may lead the fact-finder to conclude that he did in fact commit the crime."). In sum, no misconduct occurred.

## CONCLUSION

¶21     We affirm Dustin's conviction.  Based on the opinion filed herewith, we affirm his sentence as modified.



AMY M. WOOD • Clerk of the Court
FILED:  AA