NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDUARDO VALADEZ NAJERA, *Appellant*.

No. 1 CA-CR 20-0289
FILED 10-7-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-122248-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1        Eduardo Valadez Najera appeals his convictions and sentences for two counts of aggravated driving under the influence of intoxicating liquor or drugs ("DUI"), class 4 felonies. He argues the superior court erroneously modified and gave a flight instruction to the jury. Given the lack of flight evidence, the instruction was error. However, because of the magnitude of evidence establishing guilt, it appears beyond a reasonable doubt that this errant instruction could not have affected the verdict. Therefore, we affirm Najera's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        In May 2018, R.D. was working for Uber and driving a customer to the airport when he observed a white truck perform a strange maneuver that drew his attention. As he approached a stoplight, he looked into this white truck as it pulled up next to him. The truck's windows were down, and R.D. saw a male driver and a female passenger. After the light turned green, the truck side-swiped R.D.'s vehicle.

¶3        The truck did not pull over and R.D. followed it, noting the license plate while his customer called the police. The truck turned, both occupants got out of the truck, and the female passenger was picked up by another vehicle. The male got back into the truck and continued driving near the scene of the accident. The male then pulled over, exited the truck, and began walking down the street where the accident had occurred.

¶4        Police arrived by that time and R.D. pointed down the road to the male later identified as Najera. A police officer made initial contact with Najera, who was walking past the officer before being asked to stop. Najera complied and the officer described Najera as a "happy drunk" and very cooperative. Najera showed signs of intoxication and he was arrested on suspicion of DUI and transported to the police station, where he was interviewed and had a blood sample drawn.  This sample indicated

Najera's blood alcohol concentration was .272 percent. Najera had a suspended license at the time.

¶5        The State charged Najera with two counts of aggravated DUI; one count for driving impaired with a suspended license and the other for driving with a blood alcohol level over the legal limit of .08 percent.

¶6        At trial, Najera's defense was that the female had been driving the entire time. However, the defense was unable to secure the female passenger's testimony despite a subpoena and the jury received no evidence of record to that effect. The jury found Najera guilty on both counts of DUI and that he committed the offenses while on probation. Najera was sentenced as a category 3 repetitive offender to presumptive and concurrent terms of ten years in prison. The court granted Najera's motion to file a delayed notice of appeal, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Najera argues the superior court erred by giving the jury the following modified flight instruction:

> In determining whether the state has proved the defendant guilty beyond reasonable doubt, you may consider any evidence of the defendant's flight, together with all the other evidence in the case. Flight after a crime has been committed does not, by itself, prove guilt.

¶8        Najera timely objected that the evidence did not support a flight instruction and that the modification of the instruction was improper. Najera repeats these arguments on appeal. We review the court's decision to issue a flight instruction for an abuse of discretion, but we review whether that instruction correctly states the law de novo. *State v. Ewer*, 250 Ariz. 561, 569, ¶ 26 (App. 2021).

## I.    Giving a Flight Instruction Was Error.

¶9        A flight instruction should only be given where "the State presents evidence of flight after a crime from which jurors can infer a defendant's consciousness of guilt." *State v. Solis*, 236 Ariz. 285, 286, ¶ 7 (App. 2014) (citing *State v. Parker*, 231 Ariz. 391, 403, ¶ 44 (2013)). While it is not necessary to show that law enforcement officers were pursuing a

defendant to show consciousness of guilt, merely leaving the scene of a crime, without more, is not tantamount to flight. *State v. Wilson*, 185 Ariz. 254, 257 (App. 1995) (citations omitted). The evidence must be such that the court can reasonably infer "that the defendant left the scene in a manner which obviously invites suspicion or announces guilt." *State v. Weible*, 142 Ariz. 113, 116 (1984).

¶10        The court may give a flight instruction if the evidence "supports a reasonable inference that the flight or attempted flight was open, such as the result of an immediate pursuit," or if there is no open flight, "then the evidence must support the inference that the accused utilized the element of concealment or attempted concealment." *State v. Smith*, 113 Ariz. 298, 300 (1976). "The absence of any evidence supporting either of these findings would mean that the giving of an instruction on flight would be prejudicial error." *Id.*

¶11        The State argued that three pieces of evidence support the flight instruction; first, Najera allegedly continued driving after the accident, second, Najera left the truck and walked away after the truck was parked, and third, police asked Najera to stop walking down the road.

¶12        As to the first piece of evidence, the defense objected that Najera's alleged driving after the accident could not be used as evidence of flight because Najera had not been charged with a hit and run. The court stated in response, "It's not so much that [Najera] left the scene of the accident, it's that he left the vehicle, which was a component – an element for the criminal activity" for a DUI. Further, the court also concluded later in the proceedings that R.D. was in immediate, open pursuit of Najera and allowed the State to argue accordingly, even though no evidence appears in this record establishing Najera was aware of R.D.'s pursuit.

¶13        A flight instruction is only proper when the evidence of flight leads to an inference of "a consciousness of guilt *for the crime charged."* *State v. Bible*, 175 Ariz. 549, 592 (1993). Najera was not charged with a hit and run. R.D. did not testify to Najera's intoxication and offered nothing to support that Najera recognized or avoided pursuit following the accident. To the contrary, R.D. expressed no difficulty in following the truck after the accident, recording a license plate number, and pointing directly to Najera down the road once police arrived. As such, Najera's and R.D.'s conduct following the accident do not satisfy the requirements for open pursuit under *Smith*.

¶14 As to the second and third pieces of evidence, Najera's walking away from the truck or down the street also cannot support a flight instruction. In *Smith*, the court issued a flight instruction to the jury after presentation of evidence that, following an armed robbery, a witness observed a defendant walking to a nearby parking lot and leaving in a car. 113 Ariz. at 299. Because the evidence only showed that the defendant "left the scene of the crime," his conviction was vacated, and the case was remanded for a new trial. *Id.* at 299–300. Similarly in *Wilson*, the court gave a flight instruction to the jury upon evidence that a defendant got in a car and drove home to await police after committing an aggravated assault. 185 Ariz. at 256–57. There was no evidence that the defendant left in haste or attempted to conceal himself. *Id.* As such, the *Wilson* Court concluded that giving a flight instruction was reversible error requiring a new trial. *Id.*

¶15 Here, there was no evidence presented that Najera left hastily or attempted to conceal himself. To the contrary, Najera was contacted by the police while walking in the immediate vicinity of the accident they were called to investigate. Slowly walking away from a parked vehicle and immediately cooperating with the police is insufficient evidence to support a flight instruction. There was no evidence that Najera acted in a way that would obviously invite suspicion or announce guilt. *See Weible*, 142 Ariz. at 116. Accordingly, it was error for the court to give a flight instruction.

## II. Modifying The Flight Instruction Was Error.

¶16 Najera argues the court erroneously modified the standard jury instruction for flight. The purpose of jury instructions is to inform the jury of the applicable law in understandable terms. *Barrett v. Samaritan Health Servs., Inc.*, 153 Ariz. 138, 143 (App. 1987). We evaluate jury instructions "in context and in conjunction with the closing arguments of counsel." *State v. Johnson*, 205 Ariz. 413, 417, ¶ 11 (App. 2003).

¶17 The standard criminal flight instruction reads:

> In determining whether the state has proved the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's *running away, hiding, or concealing evidence,* together with all the other evidence in the case. *Running away, hiding, or concealing evidence* after a crime has been committed does not by itself prove guilt.

Rev. Ariz. Jury Instr. Stand. Crim. 40 (4th ed. 2018) (emphasis added).

¶18        While discussing the instruction, the court modified the language such that the State could discuss Najera's behavior reasoning that "there's no question so far in the testimony that [Najera] left both incidents." The court did express "some concern with respect to the instruction as written about running away, because [Najera] wasn't running." As a result, the court replaced the words "running away, hiding, or concealing evidence" in the standard instructions with the single term "flight." In so doing, the court obscured the purpose of defining flight under Arizona jurisprudence.

¶19        To reiterate, the primary focus of a flight instruction should be to allow the jury to appropriately consider conduct that indicates consciousness of guilt for the crime charged. *Bible*, 175 Ariz. at 592. As written, the standard instruction incorporates verbs that clarify those actions which commonly point toward the inference of consciousness of guilt.

¶20        Specific to the facts and context surrounding this case, by modifying the standard language, the court created a circular instruction that invited jurors to impermissibly consider conduct not relevant to the actual crimes charged. The potential for confusion is evident from the State's use of the instruction in closing argument. The State described Najera's conduct following the accident as a "wild goose chase," saying that he did not stop, "get out of the vehicle," or "talk to [R.D.], as a normal person would do in that situation." While these statements might properly point to consciousness of guilt as to hit and run, the actions described here by the State do not clearly indicate consciousness of guilt for DUI. Further, the State argued that the evidence showed Najera "tried to flee," "avoid detection," and "avoid coming into contact with police" by walking away from his parked truck down the road. However, as we have previously observed, merely departing from the scene of a crime, without more, does not warrant a flight instruction. *Wilson*, 185 Ariz. at 257 (citing *State v. Celaya*, 135 Ariz. 248, 256 (1983)). To the extent that the modification was used by the State to suggest otherwise, the flight instruction did not accurately communicate the law to the jury. Therefore, the modification was error.

## III.    The Errors Were Harmless.

¶21        While the effect of an erroneous flight instruction had historically been held prejudicial, *see Smith*, 113 Ariz. at 299–300; *Wilson*, 185 Ariz. at 256–57, this court has more recently declined to strictly apply *Smith*, opting instead to apply modern harmless error review under

similar circumstances, *see Solis*, 236 Ariz. at 287, ¶ 12 (citation omitted); *see also State v. Speers*, 209 Ariz. 125, 132–135, ¶¶ 26–38 (App. 2004) (applying harmless error review to an erroneous flight instruction). Under such review, an error in giving a flight instruction is harmless if, in review of the evidence, we are convinced "beyond a reasonable doubt that the error did not contribute to or affect the verdict." *Solis*, 236 Ariz. at 287, ¶ 13 (quoting *Bible*, 175 Ariz. at 588).

¶22        The State bears the burden under harmless error analysis to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). "The inquiry is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." *State v. Anthony*, 218 Ariz. 439, 446 ¶ 39 (2008) (quoting *Bible*, 175 Ariz. at 588).

¶23        Najera does not contest that his blood alcohol level was above the legal limit or that his license was suspended. Rather, Najera maintained that he was a passenger in the truck, although no evidence was offered to corroborate that position. To the contrary, in interviews with police after his arrest, Najera acknowledged feeling impaired while driving. Also, the State presented corroborating evidence that placed Najera in the driver's seat both during the accident and after the female passenger left the truck. The jury's reliance on this evidence depended on the weight and credibility it gave R.D.'s testimony—irrespective of the flight instruction. *See State v. Lehr*, 201 Ariz. 509, 517, ¶ 29 (2002) ("Credibility and weight are for determination by the jury unassisted by the judge."). Therefore, the erroneous flight instruction was harmless because Najera's convictions did not rely on evidence of Najera's consciousness of guilt for the DUI offenses.

¶24        Given the trial evidence and Najera's own admissions, the State has shown beyond reasonable doubt that Najera's convictions are unattributable to the error. *See Solis*, 236 Ariz. at 288, ¶ 14; *see also Henderson*, 210 Ariz. at 567, ¶ 18. Thus, inclusion of the flight instruction was harmless. *See id.*

## CONCLUSION

¶25        For the foregoing reasons, we affirm Najera's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA