541 P.2d 1157
**STATE of Arizona, Appellee,**
v.
**Gilbert Eugene SALAZAR, Appellant.**
**No. 3152.**

Supreme Court of Arizona,
In Banc.

Nov. 5, 1975.
Rehearing Denied Dec. 9, 1975.

Bruce E. Babbitt, Atty. Gen., Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Gilbert E. Salazar found guilty by a jury of second degree burglary and grand theft appeals from the judgment and sentence. We take jurisdiction of this case pursuant to Rule 47(e)(5), Rules of the Supreme Court. The appellant raises six assignments of error. Since determination of the assignment dealing with the instruction on flight disposes of this appeal, it is necessary to discuss only that assignment and one other. The other issues raised should not occur on the retrial.

## WAS IT REVERSIBLE ERROR TO GIVE FLIGHT INSTRUCTIONS UNDER THE FACTS OF THIS CASE?

Appellant was the passenger in the automobile that left the scene of the crime in a normal fashion. After traveling a few blocks the police signalled the vehicle to stop. Immediately thereafter a high speed chase ensued which terminated only when the vehicle hit a concrete abutment.

The fact that the defendant is present as a passenger in the vehicle involved in the flight is not sufficient in and of itself to support the giving of an instruction on the ramifications of flight.

Appellee contends appellant's statements to the driver to stop the car

could have been motivated by fear for his personal safety, and not uttered primarily as a desire to avoid flight. Therefore, appellee urges that the statements should not be considered on the issue of the propriety of a flight instruction. This contention is without merit. The focus of inquiry in regard to appellant's motivation as to this issue is whether appellant voluntarily withdrew himself "in order to avoid arrest or detention * * *." *State v. Rodgers*, 103 Ariz. 393 at 395, 442 P.2d 840 at 842 (1968). Before an instruction on flight can be given the evidence must disclose some evidence of intent to voluntarily withdraw from the scene of the crime other than merely being a passenger in an automobile that in a normal fashion leaves the scene of the crime. Such action is more closely akin to mere departure from the scene. This court has stated that evidence of more than mere departure is necessary for an instruction on flight. *State v. Rodgers, supra.* If appellant had been the driver of the vehicle the resultant police chase would support an instruction on flight. However, to impute the actions of the driver to a passenger without evidence to show that he encouraged the flight would be creating a presumption which is controverted by the evidence. Here no evidence was introduced to support a contention that the passenger encouraged the driver in any way to evade the police; in fact the only evidence in the case is that the appellant urged the driver to stop. The two cases cited by appellee, *State v. Quila*, 108 Ariz. 488, 502 P.2d 525 (1972); *United States v. Navallez*, 467 F.2d 1375 (9th Cir. 1972) cert. denied, 410 U.S. 985, 93 S.Ct. 1511, 36 L.Ed.2d 181 (1973), do not support the contention that a flight instruction is proper where the defendant is the passenger in the vehicle. In each of those cases defendant-appellant was the driver of the automobile, not the passenger. The giving of the flight instruction was prejudicial to the appellant. The judgment of guilt and sentence must be set aside and the case remanded for a new trial on the merits.

II

WAS IT REVERSIBLE ERROR TO ALLOW THE STATE TO IMPEACH APPELLANT WITH THE TRANSCRIPT OF TESTIMONY FROM HIS PROBATION REVOCATION HEARING?

Appellant contends statements made by him at his probation revocation hearing (used to impeach his testimony at trial) should not have been admitted in evidence because during the trial the court did not conduct a voluntariness hearing concerning the circumstances under which the statements were given. Appellant contends that Rule 27.7(c)(1) requires that before impeaching evidence from the probation revocation hearing can be admitted against him, the trial judge, without suggestion of defense counsel or objection from him, must make an affirmative "finding" that the probationer's statements were voluntarily made, and appellant had been warned at the revocation hearing that any statement made by him could be used to impeach his testimony at a subsequent trial.

Rule 27.7(c)(1) does not require such a showing prior to the admission of testimony given at trial. Moreover, the required procedure under Rule 27.7(c)(1) was followed by the judge at the probation revocation proceedings as indicated by the record of that hearing. Appellant was represented by counsel at said hearing, and it was he who called upon appellant to testify under oath at the third portion of the hearing. Appellant was never cross-examined by the prosecutor. Since appellant had been warned at the beginning of the proceedings that any statement made by him at his revocation hearing could be used to impeach him at the subsequent trial, there was no error.

Reversed and remanded for new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.