NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANCES MARIE LANE, *Appellant.*

No. 1 CA-CR 20-0049

FILED 2-2-2021

Appeal from the Superior Court in Maricopa County
No.  CR2019-006594-001
The Honorable Laura M. Reckart, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

**S W A N N**, Chief Judge:

¶1        Frances Marie Lane appeals her conviction and sentence for aggravated assault, contending the superior court erred by instructing the jury on flight or concealment.  For reasons that follow, her conviction and sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In April 2019, Brenda Morales paid J.G. $120 to fix her cellphone.  After a dispute arose regarding the repair, Morales, accompanied by Lane, drove to J.G.'s residence.  J.G. stood outside the vehicle to speak with Morales through the driver-side window.  J.G. testified that Lane "kept cutting in" to demand a refund.  When J.G. said he would not refund all of their money, Lane got out of the car and approached him aggressively.  Next, J.G. testified that Lane pulled a 9-millimeter Ruger from her waistband and pointed it at his stomach.

¶3        Lane instructed J.G. to call someone to bring the refund outside, but instead, J.G. texted his girlfriend to call the police.  Shortly thereafter, Lane returned to the front passenger seat of the car and asked him if he had his girlfriend call the police.  J.G. began recording on his phone while leaning against the car to stall Lane and Morales until the police arrived, but Lane shouted at him to get off the car.  Finally, Lane reached into the front of her sweatpants with both hands, and J.G. testified he heard her manipulate the slide on the hidden gun inside of her pants.  As J.G. backed away from the car, Morales drove in reverse down the entire length of the block.  J.G. was unable to see the car's license plate.

¶4        One month after the incident, police conducted a search of Morales's and Lane's residence.  Police found a BB gun inside a Ruger 9-millimeter handgun box, as well as two loaded 9-millimeter magazines and one other loose 9-millimeter round, for a total of 27 9-millimeter bullets

inside the case. Police also searched Morales's car and found a single BB pellet on the passenger side floorboard. Police never found the Ruger itself.

¶5 Lane was indicted for aggravated assault. Over her objection, the superior court gave the jury the following instruction at trial:

> Flight or concealment. In determining whether the State has proven the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's running away, hiding, or concealing evidence together with all the other evidence in the case. Running away, hiding, or concealing evidence after a crime has been committed does not by itself prove guilt.

¶6 The jury returned a guilty verdict on the aggravated assault charge and found Lane was on probation when she committed the offense. The superior court determined Lane had prior felony convictions and sentenced Lane to the presumptive 11.25 years' imprisonment as a category 3 repetitive offender. Lane appeals.

## DISCUSSION

¶7 Lane argues the superior court's flight or concealment instruction was not supported by the evidence and constituted prejudicial error. We review a court's decision whether to give a jury instruction for an abuse of discretion. *See State v. Anderson*, 210 Ariz. 327, 385, ¶ 60 (2005).

¶8 The flight or concealment instruction allows jurors to infer a defendant's "consciousness of guilt" if the State presents evidence of flight after a crime is committed. *State v. Solis*, 236 Ariz. 285, 287, ¶ 7 (App. 2014); *see State v. Parker*, 231 Ariz. 391, 403, ¶ 44 (2013). Our supreme court outlined a two-part test in *State v. Smith* to determine whether the evidence warrants a flight instruction. 113 Ariz. 298, 300 (1976). First, the court must look at the evidence to determine whether it "supports a reasonable inference that the flight or attempted flight was open, such as the result of an immediate pursuit." *Id.* Second, in the absence of open flight, the record must support the inference that the defendant concealed evidence. *Id.* If no evidence supports either finding, the flight or concealment instruction constitutes prejudicial error. *Id.*; *State v. Speers*, 209 Ariz. 125, 132, ¶ 28 (App. 2004).

¶9 Lane argues that because she was not driving, nor did she tell the driver to drive away or back down the street, the flight instruction was unwarranted. "The fact that the defendant is present as a passenger in the

vehicle involved in the flight is not sufficient in and of itself to support the giving of an instruction on the ramifications of flight." *State v. Salazar*, 112 Ariz. 355, 356 (1975). The mere act of leaving the alleged crime scene is not equivalent to flight—the court must look to whether the defendant voluntarily left to avoid arrest or detention. *Id.* at 357; *State v. Wilson*, 185 Ariz. 254, 257 (App. 1995). The actions of the driver should not be imputed on the passenger unless the passenger encouraged flight. *Salazar*, 112 Ariz. at 357; *see also State v. Weible*, 142 Ariz. 113, 116 (1984) (instruction is proper when the defendant's behavior "obviously invites suspicion or announces guilt").

**¶10**     The fact that Lane was in the car as Morales drove away was insufficient by itself to support the flight instruction. But the State presented evidence that Lane thought the police were arriving soon. This knowledge, coupled with the manner in which Morales and Lane left— driving the car in reverse a distance equal to ten or fifteen houses and around a curve—supports a reasonable inference that Lane's departure from J.G.'s residence constituted flight to evade the police, and thus supported the flight instruction. Moreover, upon questioning whether the police had been called, Lane shouted at J.G. to "get the F off my car . . . [g]et off, get off," and Morales drove away immediately afterward, which supports the contention that Lane encouraged flight. *See Salazar*, 112 Ariz. at 357.

**¶11**     Lane also asserts that insufficient evidence supports the concealment instruction. She posits that the sole basis for the concealment instruction was the empty Ruger box containing magazines that the police found at her residence.

**¶12**     A missing weapon does not automatically trigger the concealment instruction. *State v. Ceja*, 113 Ariz. 39, 41 (1976) ("We do not think that because a defendant left the scene of the offense and the instrument with which the offense was committed was never found that these circumstances justify the giving of a flight instruction."). Instead, once again, the proper inquiry involves admission by conduct manifesting consciousness of guilt. *State v. Hunter*, 136 Ariz. 45, 48 (1983); *see also Parker*, 231 Ariz. at 403, ¶ 44. To qualify for the flight instruction, the evidence must "go beyond an argument by counsel," and rather "point out to jurors that they may consider the defendant's behavior as bearing on guilt or innocence." *Speers*, 209 Ariz. at 133, ¶ 30 (quoting *Weible*, 142 Ariz. at 116).

**¶13**     Sufficient evidence supports the inference that Lane concealed the Ruger. *See id.* J.G. specifically identified the gun in Lane's

possession as a Ruger. And J.G. testified that because he used to have one himself, he was able to recognize "the little Ruger sign." The video taken by J.G. shows the sound and motion of Lane racking a gun's slide within her sweatpants. This evidence, coupled with the police impounding an empty box for a 9-millimeter Ruger filled with two loaded 9-millimeter magazines, creates a reasonable inference that Lane possessed a Ruger at the time of the incident. It was up to the jury to decide whether to infer guilt from this evidence. *See State v. Earby*, 136 Ariz. 246, 248 (App. 1983). The superior court did not abuse its discretion in giving the concealment instruction.

**CONCLUSION**

**¶14**         For the above reasons, we affirm Lane's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA