NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MATTHEW MICHAEL HERNDON, *Appellant.*

No. 1 CA-CR 22-0476
FILED 7-20-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202100714
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey D. Ball, Harlie Dolin (certified limited practice student)
*Counsel for Appellee*

Law Offices of Mary Elizabeth Perez, San Diego, CA
By Mary Elizabeth Perez
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

**¶1**        Defendant Matthew Michael Herndon appeals from his conviction and sentence for aggravated assault. Because we find no error, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        Late one evening in June 2021, in rural Mohave County, three friends were enjoying dinner in a farm field in the bed of a pickup truck. They noticed a vehicle's headlights driving onto the farm at some point. The property was fenced and included signs that prohibited trespassing, so one of the friends, Bill,[2] entered his vehicle to confront the driver and "tell him to get out of there."

**¶3**        As Bill drove closer, the oncoming car nearly struck him. Bill became irritated with the driver and decided "to chase him down" as he drove away. He followed the car off the property, eventually getting close enough to notice the vehicle was a silver sedan. As the vehicles left the property, Bill called his friends to let them know which way the sedan was going, and he continued to speak with them during his pursuit. Soon after, Bill lost sight of the sedan in the darkness. When he found it a few moments later, the sedan "took off," and Bill continued to chase it.

**¶4**        After several minutes, the sedan pulled over. Bill drove around the right side of the car and parked at an angle ahead of the sedan's front right side "so [the driver] wouldn't go anywhere." At about the same time, Bill's friends arrived and pulled up alongside the sedan's rear left taillight.

---

[1]        We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

[2]        We use a pseudonym to protect the victim's identity.

**¶5** Bill stepped out of his vehicle, thinking the sedan's driver "was going to talk." But as Bill put one foot on the ground, the sedan drove into Bill's open door, dragging him down into the sedan as it pulled away. When Bill's friends asked him if he needed help, Bill replied that he was fine and instructed them to pursue the driver so he would not get away. The sedan "took off," and Bill's friends tried to follow but eventually lost sight of it. Bill sustained lacerations to his shoulder blade and arm and scrapes to his ankle.

**¶6** A few days later, police found the sedan, linked it to Herndon, and arrested him. Herndon admitted to the police that he was the sedan's only driver, but he denied involvement in a car chase and claimed he was not near a collision.

**¶7** A grand jury indicted Herndon with one count of aggravated assault with a deadly weapon or dangerous instrument, a Class 3 felony. At the trial, Bill and his friends described the incident. One of the friends testified that there was enough room between the vehicles for Herndon to avoid Bill by turning left or driving in reverse. Bill testified that he feared being seriously injured when Herndon struck his vehicle.

**¶8** After the State's case, Herndon moved for a judgment of acquittal, arguing that there was no evidence he acted with the requisite intent. The court denied the motion. Herndon chose not to testify.

**¶9** Before submitting the case to the jury, the court discussed jury instructions with the parties. The court denied Herndon's request for a lesser-included instruction on misdemeanor assault. And over Herndon's objection, the court instructed the jury that it could consider evidence of the defendant "running away, hiding, or concealing evidence" and his reasons for doing so.

**¶10** The jury found Herndon guilty. Based on the jury's finding of an aggravating circumstance and Herndon's prior felony convictions, the court sentenced Herndon to a slightly aggravated prison sentence of eight years.

**¶11** Herndon appealed, and we have jurisdiction under article 6, section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

**DISCUSSION**

¶12          Most of Herndon's arguments on appeal involve the court's jury instructions. We review the court's decision on whether to give a jury instruction for an abuse of discretion but review *de novo* whether it correctly instructed the jury and whether the instructions correctly state the law. *State v. Ewer*, 254 Ariz. 326, 329, ¶ 10 (2023).

**A.     The Superior Court Did Not Abuse Its Discretion by Giving the Jury a Flight Instruction.**

¶13          Herndon first argues that the court erred by instructing the jury that it could consider his flight as evidence of guilt because the instruction was unsupported and "unduly confusing." Herndon argues that the evidence only showed that he left the scene, which he asserts cannot warrant the instruction.

¶14          The court instructed the jury that it "may consider any evidence of the defendant's running away, hiding, or concealing evidence" and his reasons for doing so "together with all the other evidence in the case." The court also clarified that such evidence alone does not prove guilt. The court reasoned that the instruction was warranted because there was "clear evidence that after the aggravated assault the defendant left the scene in his vehicle," which was evidence of "running away, hiding, perhaps even concealing evidence."

¶15          A court may give a flight instruction when the evidence "supports a reasonable inference . . . that the accused utilized the element of concealment or attempted concealment." *State v. Smith*, 113 Ariz. 298, 300 (1976). Although merely leaving the scene is not evidence that warrants a flight instruction, the instruction may be given "where the circumstances of leaving the crime scene reveal a defendant's consciousness of guilt." *State v. Wilson*, 185 Ariz. 254, 257 (App. 1996). The question is whether the jury could reasonably conclude that the defendant fled to avoid arrest or detention. *State v. Salazar*, 112 Ariz. 355, 357 (1975).

¶16          Bill testified that after the collision, Herndon "took off," and Bill's friends pursued but lost him. This evidence supports an inference of flight under the circumstances. Thus, the State presented evidence that warranted the flight instruction.

¶17          Herndon also argues that the instruction was unduly confusing. He contends his departure from the crash site was a continuation of his escape from Bill rather than an attempt to avoid detention. But

4

Herndon presented this position to the jury. "Mere speculation that the jury was confused is insufficient to establish actual jury confusion." *State v. Gallegos*, 178 Ariz. 1, 11 (1994).

**¶18** On this record, the State presented sufficient evidence to warrant the flight instruction, and Herndon has not shown jury confusion. Thus, the court did not abuse its discretion by giving the instruction.

**B. The Superior Court Did Not Commit Fundamental Error by Inadvertently Omitting a Word from the Definition of "Dangerous Instrument" or Declining to Instruct the Jury on Assault.**

**¶19** Herndon next argues that the court fundamentally erred by misstating the definition of "dangerous instrument" and declining to give an assault instruction.

**¶20** We apply fundamental error review because Herndon did not object to the misstated definition at trial. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Fundamental error goes to the foundation of the defendant's case and is of such magnitude that the trial could not possibly have been fair. *Id.* To prevail, Herndon must show fundamental error exists and that the error prejudiced him. *See id.* at ¶ 20.

**¶21** At trial, the court instructed the jury that a "dangerous instrument" is "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is capable of creating a substantial risk of causing death or serious physical injury." Under the statute, however, a dangerous instrument must be "*readily* capable" of causing harm. A.R.S. § 13-105(12) (emphasis added). When Herndon alerted the court to the erroneous instruction after the trial, the court conceded its inadvertent omission. Still, it declined to grant a new trial, finding that it did not substantively alter the instruction.

**¶22** Herndon argues on appeal that the omission prejudiced him and, together with the court's exclusion of an assault instruction, constituted fundamental error. Had the court correctly defined "dangerous instrument," he contends, "the jury very well may have concluded that the car was not a dangerous instrument." And from there, the jury could have found him guilty of the lesser-included offense of assault had the court given that instruction.

**¶23** When reviewing a challenge to jury instructions, we consider the instructions "as a whole." *Ewer*, 254 Ariz. at 329, ¶ 10. But because Herndon's argument is founded on prejudice from the misstated definition

of "dangerous instrument," we begin our analysis there. To show prejudice, Herndon must show that, had the court correctly defined dangerous instrument, the jury reasonably could have reached a different result. *See Henderson*, 210 Ariz. at 569, ¶ 27. He may not rely on speculation to meet this burden. *State v. Dickinson*, 233 Ariz. 527, 531, ¶ 13 (App. 2013).

**¶24** Herndon's argument is speculative. Besides his conclusory statement that "the jury very well may have" reached a different conclusion, he offers no substantial support for the argument. And under the circumstances of this case, it cannot be said that the jury could have concluded the vehicle was not a dangerous instrument had the court added the word "readily" to its instruction. *See State v. Williams*, 168 Ariz. 367, 371, (App. 1991) (A car may be a dangerous instrument simply under the circumstances under which it was used, and the State need not show the defendant had a specific intent to use the vehicle as a dangerous instrument.), *vacated in part on other grounds*, 175 Ariz. 98 (1993).

**¶25** The court did not err by declining to give an assault instruction. Based on the facts here, the jury could believe either that Herndon assaulted Bill with his vehicle or that Herndon did not assault Bill. If the jury believed Herndon assaulted Bill, it must have concluded that he assaulted him with a dangerous instrument. As a result, a lesser-included assault instruction was not warranted. *See State v. Wall*, 212 Ariz. 1, 4, ¶ 18 (2006) (A defendant is entitled to a lesser-included instruction if the jury could find he committed the lesser offense but not the greater offense.); *see also* A.R.S. § 13-1203(A)(2) (A person commits assault by "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury."); A.R.S. § 13-1204(A)(2) (A person commits aggravated assault if the person commits assault under A.R.S. § 13-1203 and "uses a deadly weapon or dangerous instrument.").

**¶26** Herndon has thus failed to prove prejudice and is not entitled to relief.

## C. The Superior Court Did Not Abuse Its Discretion by Denying Herndon's Motion for Judgment of Acquittal.

**¶27** Finally, Herndon argues that the court erred by denying his motion for judgment of acquittal. We review the denial of a motion for judgment of acquittal *de novo. State v. Parker*, 231 Ariz. 391, 407, ¶ 69 (2013). A defendant is entitled to a judgment of acquittal when there is "no substantial evidence to warrant a conviction." *State v. Mathers*, 165 Ariz. 64, 67 (1990); *see* Ariz. R. Crim. P. 20. Substantial evidence is evidence that

"reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Mathers*, 165 Ariz. at 67 (quoting *State v. Jones*, 125 Ariz. 417, 419 (1980)).

**¶28**        Herndon argues that the facts here show he was "exiting a hazardous parking situation" rather than committing aggravated assault. But Herndon essentially asks us to reweigh the evidence, which we will not do. *See State v. Lee*, 189 Ariz. 590, 603 (1997). Substantial evidence supports the jury's verdict because Bill and his friends testified that Herndon drove into Bill before taking off, even though there was enough room for Herndon to avoid a collision. And Bill testified that he feared serious injury at that moment. Thus, there was enough evidence for the jury to reasonably conclude that Bill committed aggravated assault with a dangerous instrument. The court did not err by denying the acquittal motion.

## CONCLUSION

**¶29**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

7